IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE LOUIS HOLLOWAY,<br>#154358 | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| `vs. | ) | 3:07-CV-186-MEF |
| | ) | (WO) |
| BILLY MITCHEM, WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Come now the Respondents in the above-styled cause and answer

Holloway's Title 28 U.S.C. § 2254 petition as follows:.

1. Holloway was convicted of robbery in the third degree and was sentenced

to 15 years in prison. (Doc. 1, p. 2; Ex. A, C. 23)

2. Holloway raises the following argument in his federal habeas corpus

petition:

        a. His sentence exceeds the maximum authorized by law and violates

        the 6th, 8th and 14th amendments to the United States Constitution,

        because he never received notice that he would be sentenced as an

        habitual offender, and he should have been sentenced as a non-

        habitual offender.  The maximum sentence for a class C felony for a

        non-habitual offender is 10 years, and his 15-year sentence exceeds

the maximum; his current sentence also affects his date for parole

eligibility, as well as his "eligibility status for work release, work

camps, custody, etc." (Doc. 1, p. 5, 8)

3. This Court should deny Holloway habeas relief, because he failed to raise

the federal issue that he now raises throughout the state courts, and he is now

procedurally barred from doing so.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845

(1999).

**Procedural History**

**A.     Trial**

4. Holloway pleaded guilty, in the Randolph County Circuit Court, to

robbery in the third degree, on October 6, 2005. (Ex. A, C. 1-2; Ex. B, p. 1; Ex. E,

p. 1)  Pursuant to a plea agreement, Holloway admitted to having six prior felony

convictions, and the State recommended the minimum sentence of 15 years in

prison. (Ex. A, C. 15, 23; Ex. E, p. 3)  See Ala. Code, 1975 §§ 13A-5-9(c)(1);

13A-8-43(b).  The trial court sentenced Holloway to the recommended sentence of

15 years in prison. (Ex. A, C. 1; Ex. E, p. 1)  Holloway did not directly appeal his

guilty plea conviction. (Ex. A, C. 2; Ex. E, p. 1)

**B.     State Post-Conviction Petition**

5. Holloway filed a timely post-conviction petition on April 17, 2006.[1]  (Ex. A, C. 9, 13)  He argued, citing state law, that his sentence exceeded the maximum allowed under the law, and that the trial court lacked jurisdiction to sentence him to 15 years in prison, because the record did not indicate that he was sentenced as an habitual offender.  (Ex. A, C. 10-12; Ex. E, p. 1-2)

6. Randolph County Circuit Court Judge Ray D. Martin held on June 28, 2006:

> In essence, [Holloway] alleges that his sentence for fifteen years for Robbery Third Degree, a Class C felony[,] exceeds the statutory maximum.  While on its face this would be correct, [Holloway] fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen[-]year sentence was in fact his minimum sentence.
>
> Accordingly, the [p]etition for Rule 32 is DENIED.

(Ex. A, C. 23)

---

[1] The undersigned attorney is using the date that Holloway signed his petition, the earliest date that the petition could have been given to prison officials for mailing. See e.g., Washington v. United States, 249 F. 3d 1299, 1301 (11th Cir. 2001).  The date that the petition was filed in the circuit court is stamped April 25, 2006. (Ex. A, C. 1)  This is the date used by the Alabama Court of Criminal Appeals. (Ex. E, p. 1)  The eight-day discrepancy, however, does not affect the timeliness of the state post-conviction petition or the timeliness of the federal habeas corpus petition.

7. Holloway filed a motion for reconsideration on July 6, 2006.[2] (Ex. A, C. 24-27) In the motion, he argued that the court's order was improper, because the State had not responded to the petition. (Ex. A, C. 24-25) He also reiterated his argument that the record did not establish that he was sentenced as an habitual offender. (Ex. A, C. 25-27)

8. Judge Martin responded to the motion on July 13, 2006. (Ex. A, C. 28) He held:

> The Court previously denied [Holloway's] Rule 32 Petition on June 28, 2006. [Holloway] has now filed a Motion for Reconsideration on July 10, 2006. The Court's previous [o]rder[,] in part[,] stated that the State stood ready to prove six prior convictions. [Holloway] contends that this is not sufficient for sentencing under the Habitual Offender Act. However, [Holloway] executed a [p]lea [a]greement on October 6, 2005, which reflects that the State could prove[,] and that the defendant admits, six prior felony convictions. This admission [from] [Holloway] was used in the Court's sentencing of [him] in this present case. Accordingly, the Motion to Reconsider is DENIED.

(Ex. A, C. 28) Holloway filed a timely notice of appeal on July 19, 2006. (Ex. A, C. ii[3])

9. Holloway filed a brief in the Alabama Court of Criminal Appeals on August 3, 2006. (Ex. B) Following the filing of the appellee's brief by the State

---

[2] This is the date that Holloway certifies that he handed it to prison officials for mailing. (C. 27). See n.1.

[3] The State is using Roman numerals to designate the unnumbered pages following the index, but preceding the numbered pages.

(Ex. C), and the filing of a reply brief by Holloway (Ex. D), the Alabama Court of Criminal Appeals affirmed his conviction in a memorandum opinion, on September 22, 2006. (Ex. E) The Alabama Court of Criminal Appeals held that the plea agreement indicated that Holloway admitted to having six prior felony convictions, which "dispensed with the notice requirement and the state's obligation to prove the offenses." (Ex. E, p. 3) "The plea agreement supports the circuit court's ruling." (Ex. E, p. 3) The Court of Criminal Appeals also ruled that the circuit court was not obligated to wait until the State filed a response to the petition, before it ruled on his petition. (Ex. E, p. 3-4)

10. Holloway filed an application for rehearing, and a brief in support of the application, on October 3, 2006. (Ex. F) In his brief in support of the application, he argued that the trial court erred when it summarily dismissed his petition, and that he pleaded facts, if true, entitled him to relief, and that he was entitled to a hearing. (Ex. F, p. 5-10) The Alabama Court of Criminal Appeals overruled his application on October 13, 2006. (Ex. G)

11. Holloway petitioned the Supreme Court of Alabama for certiorari review on October 18, 2006. (Ex. H) In his petition, he argued:

> [T]he Court of Criminal Appeals ... overlooked or misapprehended the following points of law and/or facts:
>
> A. The Court of Criminal Appeals misapprehended or failed to apply the correct standard of review to a post conviction relief [petition].

B. The Court of Criminal Appeals overlooked
or misapprehended the fact that Holloway filed his first Rule petition
and it was timely filed.

C. The Court of Criminal Appeals misapprehended or overlooked ...
Rule[s] 32.1 and Rule 32.2, of the Alabama Rules of Criminal
Procedure.

D. The Court of Criminal Appeals misapprehended or overlooked the
crucial question "Did the trial court err[] by summarily denying the
petitioner's Rule 32 petition for *Relief from Conviction or Sentence* as
a successive petition barred by the limitation period of Rule 32.2(c)
when:

> (A) petitioner presented a jurisdictional claim that is not
> precluded by the limitation period of Rule 32.2(c);
>
> (B) petitioner presented sufficient facts [that], if true, ...
> would entitle him to relief; and
>
> (C) petitioner presented a jurisdictional claim that is not
> precluded by the rule against successive petitions in Rule
> 32.2 (b).

(Ex. H, p. 3-4[4])  The Supreme Court of Alabama denied the petition and issued its

certificate of judgment on January 12, 2007.  (Ex. I)

## C.    Federal Habeas Corpus Petition

12. Holloway filed his federal habeas corpus petition on February 24, 2007.

(Doc. 1, p. 7; Doc. 2, p. 1)

## Holloway's Federal Claim Remains Unexhausted, and He has Procedurally Defaulted on this Claim, Because He Is Procedurally Barred From Returning to State Court to Litigate It.

---

[4] Holloway did not number the pages of his petition received by the State.

**A.    Exhaustion**

13. Holloway argues in his federal habeas corpus petition that his Sixth, Eighth, and Fourteenth Amendment rights were violated, because he never received notice that he was to be sentenced as an habitual offender, and he should have been sentenced as a non-habitual offender. (Doc. 1, p. 8)  This alleged violation of his federal rights, however, was never presented to the state courts, as a deprivation of a federal constitutional right.  Instead, he only argued state law grounds to the state courts.  Therefore, he never fairly presented the federal claim that he now argues in the state courts, and it remains unexhausted.  The United States Supreme Court held in Baldwin v. Reese, 541 U.S. 27, 32 (2004), that, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim...."

> [If a] litigant wish[es] to raise a federal issue[, he] can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"

Id.  In McNair v. Campbell, 416 F.3d 1302-03 (11th Cir. 2005) (internal citations omitted), the Eleventh Circuit Court of Appeals examined this language from Baldwin, and held:

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we

agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement [:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" This is consistent with settled law established by the Supreme Court. We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

In <u>Duncan v. Henry</u>, 513 U.S. 365-66 (1995), the Supreme Court held:

In <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), we said that exhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

<u>See also Isaacs v. Head</u>, 300 F.3d 1232, 1254 (11th Cir. 2002) (holding that a one-sentence claim that only cites state law and does not cite any federal cases or use any language to alert the state court that the petitioner was raising a federal claim in the state court does not "fairly present" a federal claim to the state court). Holloway never presented the federal claim that he now raises throughout the Alabama courts; therefore, it remains unexhausted.

14. Holloway was required to present the federal claim that he now raises throughout the Alabama courts, including the Supreme Court of Alabama, under Rule 39 of the Alabama Rules of Appellate Procedure.

> Because the exhaustion doctrine is designed to give the state courts a
> full and fair opportunity to resolve federal constitutional claims before
> those claims are presented to the federal courts, we conclude that state
> prisoners must give the state courts one full opportunity to resolve any
> constitutional issues by invoking one complete round of the State's
> established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see Pruitt v. Jones, 348 F.3d
1355, 1359 (11th Cir. 2003) (applying this principle to state post-conviction
claims); Smith v. Jones, 256 F.3d 1135, 1140-41 (11th Cir. 2001) (requiring
presentation of claims to the Supreme Court of Alabama for discretionary review
to exhaust the claims under O'Sullivan).

15.  It is clear that Holloway did not present the federal issue, which he
raises before this Court, to the Supreme Court of Alabama.  In his petition to the
Supreme Court of Alabama there is no mention of a deprivation of a federal
constitutional right.  (Ex. H, p. 1-6)

**B.    Procedural Default**

16. It would be futile for Holloway to attempt to raise his federal issue in
state court in a subsequent Rule 32 petition, because: 1) the issue could have been
raised at trial, but was not, see Ala. R. 32.2(a)(3), 2) could have been raised on
appeal, but was not, see Ala. R. Crim. P. 32.2(a)(5), 3) would be barred by the rule
against successive  petitions, see Ala. R. Crim. P. 32.2(b),and, 4) would be barred
by the one-year limitation period, because any petition filed now would be filed
over one-year from the time that Holloway's conviction became final on direct

9

appeal. <u>See</u> Ala. R. Crim. P. 32.2(c). Holloway's conviction became final on November 17, 2005, 42 days from his sentencing date. <u>See</u> Ala. R. App. P. 4(b). Therefore, Holloway's deadline for filing a timely Rule 32 petition was November 17, 2006, and he would be unable to raise the federal issue that he now raises.

17. Because Holloway's unexhausted claims would now be procedurally barred due to a state-law procedural default under Rule 32.2 of the Alabama Rules of Criminal Procedure, "the federal court may foreclose [his] filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1303 (11th Cir. 1999).

> There is no dispute that this state court remedy . . . is no longer available to [Holloway]; the time for [pursuing his claim] has long passed ... Thus, [Holloway's] failure to present [his] federal habeas claim[] to the [Alabama courts] in a timely fashion has resulted in a procedural default of those claim[].

<u>O'Sullivan</u>, 526 U.S. at 848.

18. The only way Holloway may overcome his procedural default to allow federal habeas review of his claim is to either demonstrate cause and actual prejudice to excuse the default or prove a fundamental miscarriage of justice requires review of his claim. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Smith</u>, 256 F.3d at 1138. Holloway has not provided evidence to support either remedy for default. He has not explained why he could not have presented his federal claim properly throughout the Alabama courts. Further, he has not

shown any fundamental miscarriage of justice would arise from failure to review

these claims -- he has not alleged or proved that he is actually innocent of the

crime.  See Schlup v. Delo, 513 U.S. 298, 324 (1995).

## C. Federal Statute of Limitation

19. Title 28 U.S.C. § 2244(d)(1) applies a one-year statute of limitation to an

application for a writ of habeas corpus to an individual incarcerated pursuant to a

state court judgment.

> (d)(1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or
>> laws of the United States is removed, if the applicant was
>> prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or,
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

20. The legislation enacting the one-year statute of limitation applicable to federal habeas corpus petitions became effective on April 24, 1996.  See Carey v. Saffold, 536 U.S. 214, 217 (2002) (noting the effective date of the federal limitation period); Drew v. Dept. of Corr., 297 F.3d 1278, 1282 (11th Cir. 2002) (same).  In cases where the conviction is obtained following the one-year period, the defendant has one year from the date on which his conviction becomes final to mount a federal challenge.  28 U.S.C. § 2244(d)(1)(A) (West 2004).

21. Holloway's conviction became final on November 17, 2005, 42 days from the sentencing date.  See Ala. R. App. P. 4(b).

22. One-hundred fifty-one days passed between Holloway's conviction becoming final and the filing of his post-conviction petition, on April 17, 2006. (Ex. A, C. 9, 13)  This filing tolled the statute of limitations.  See Title 28 U.S.C. § 2244(d)(2).

23. The denial of Holloway's state post-conviction petition became final on January 12, 2007.  (Ex. I)

24. Forty-three days passed between the denial of his post-conviction petition becoming final and the filing of his federal habeas corpus petition on February 24, 2007.  (Doc. 1, p. 7; Doc. 2, p. 1)

25. Not counting the tolling period, a total of 194 days passed between Holloway's conviction becoming final, and the filing of his federal habeas corpus petition. Consequently, his petition was timely filed.

Table of Exhibits

| Exhibit Designation | Exhibit Description |
|---|---|
| Exhibit A | Transcript on Appeal of the Denial of Holloway's Rule 32 Petition (CR-05-2007) |
| Exhibit B | Holloway's Brief on Appeal |
| Exhibit C | The State's Brief as Appellee |
| Exhibit D | Holloway's Reply Brief |
| Exhibit E | The Alabama Court of Criminal Appeals's Memorandum Opinion Affirming the Denial of the Petition |
| Exhibit F | Holloway's Application and Brief in Support of Rehearing |
| Exhibit G | Decision Overruling the Application for Rehearing |
| Exhibit H | Petition for Certiorari Review Filed in the Supreme Court of Alabama |
| Exhibit I | Certificate of Judgment Affirming the Denial of the Post-Conviction Petition |

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: jchappell@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Roscoe Louis Holloway, AIS# 154358, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, AL  35749-7009.

Respectfully submitted,

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: jchappell@ago.state.al.us

257627/106184-001

COURT OF CRIMINAL APPEALS NO. _CR05-2007_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

**CIRCUIT COURT OF** _____RANDOLPH_____ **COUNTY, ALABAMA**

CIRCUIT COURT NO _____CC 2005-132.60_____

CIRCUIT JUDGE _____HON RAY D MARTIN_____

Type of Conviction/ Order Appealed From: _____RULE 32_____

Sentence Imposed: _____DENIED_____

Defendant Indigent: ☑ YES  ☐ NO

## ROSCOE HOLLOWAY

**NAME OF APPELLANT**

PRO SE
_____
(Appellant's Attorney)                                      (Telephone No.)

LIMESTONE CF DORM 8 28779 NICK DAVIS RD
_____
(Address)

HARVEST        AL      35749
_____
(City)              (State)            (Zip Code)

### V.

_____

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df
_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT
A
PENGAD 800-631-6989

INDEX

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                    1

DECLARATION IN SUPPORT OF REQUEST TO PROCEED
  IN FORMA PAUPER                                                  16

ORDER DATED MAY 15, 2006                                          20

MOTION                                                            22

ORDER DATED JUNE 28, 2006                                         23

MOTION FOR RECONSIDERATION                                        24

ORDER DATED JULY 18, 2006                                         28

CASE ACTION SUMMARY                                               29

CERTIFICATE OF COMPLETION AND TRANSMITTAL OF
  RECORD ON APPEAL BY TRIAL CLERK                                 30

REV. 4/1/97

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
### BY THE TRIAL COURT CLERK

__ROSCOE HOLLOWAY__                    V.                    __STATE OF ALABAMA__

APPELLANT'S NAME                                                            APPELLEE
(as it appears on the Indictment)

[✓] CIRCUIT [ ] DISTRICT    [ ] JUVENILE COURT OF ____RANDOLPH____ COUNTY

CIRCUIT/DISTRICT/JUVENILE JUDGE: ____HON RAY D MARTIN____

| DATE OF NOTICE OF APPEAL: | 07/24/06 |
|---|---|

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**

| | | |
|---|---|---|
| Granted Indigency Status at Trial Court | [✓] Yes | [ ] No |
| Appointed Trail Counsel Permitted to Withdraw on Appeal: | [ ] Yes | [ ] No |
| Indigent Status Revoked on Appeal: | [ ] Yes | [✓] No. |

**DEATH PENALTY:**

Does the appeal Involve a case where the death penalty has been imposed?    [ ] Yes    [✓] No.

**TYPE OF APPEAL:** (Please check the appropriate block)

| | | |
|---|---|---|
| [ ] State Conviction | [ ] Pretrial Appeal by State | [ ] Juvenile Transfer Order |
| [✓] Rule 32 Petition | [ ] Contempt Adjudication | [ ] Juvenile Delinquency |
| [ ] Probation Revocation | [ ] Municipal Conviction | [ ] Habeas Corpus Petition |
| [ ] Mandamus Petition | [ ] Writ of Certiorari | [ ] Other (Specify) |

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E, RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: ____CC 2005-132.60____

DATE ORDER WAS ENTERED: ____06-28-06____          PETITION: [ ] Dismissed [✓] Denied [ ] Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION: _____          DATE OF SENTENCE: _____

**YOUTHFUL OFFENDER STATUS:**

Requested: [ ] Yes [ ] No          Granted: [ ] Yes [ ] No

LIST EACH CONVICTION BELOW: *(attach additional page if necessary)*

1. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____
2. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____
3. Trial Court Case No. _____     CONVICTION: _____
   Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To(Date) |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [X] Other *Motion For Reconsideration* | 7-10-06 | 7-13-06 | |

COURT REPORTER (S) ......................
ADDRESS: ...................................

APPELLATE COUNSEL: ..................
ADDRESS: ...................................

APPELLANT: (IF PRO SE).............     AIS# 15435
ADDRESS: ...................................     LIMESTONE CF DORM 8 28779 NICK DAVIS RD
                                                HARVEST AL 35749

APPELLEE (IF CITY APPEAL)......
ADDRESS: ...................................

I certify that the information provided above is accurate and to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this __24TH__ day of __JULY__, 2006.

*Kim L. Benefield*
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

ROSCOE HOLLOWAY,                    )

    Petitioner,                    )

                        )

Vs.                                )      CASE NO: #CC-05-132.60

                        )

STATE OF ALABAMA                   )

    Respondent                     )

Filed in O____

JUL 2 4 2006

KIM S. BEN_____
Clerk of Circuit Court

## NOTICE OF APPEAL

**COMES** now the above named Petitioner, pro se, and appeals to the Court of Criminal Appeals from the judgment of this Court denying Petitioner's Rule 32 petition entered on June 28, 2006.

Respectfully submitted this 19th day of **July, 2006.**

_Roscoe Holloway_
Roscoe Holloway, Petitioner

State of Alabama
Unified Judicial System

Form ARAP- 26 (front)    8/91

**COURT OF CRIMINAL APPEALS**
**DOCKETING STATEMENT**

Criminal Appeal Number

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF    RANDOLPH    COUNTY

ROSCOE HOLLOWAY

Filed in Office

JUL 2 4 2006

Appellan

KIM S. DINGLED
Clerk of Circuit Court

v.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order. |
|---|---|---|
| CC-05-132.60 | | 6/28/06 |

| Number of Days of Trial/Hearing      Days | Date of Notice of Appeal Oral: | Written:   7/19/06 |
|---|---|---|

Indigent Status Requested: ☐ Yes ☐ No          Indigent Status Granted: ☐ Yes ☐ No
                                                                              ☒

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self? ☐ Yes ☐ No

Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)*    Telephone Number

ROSCOE HOLLOWAY

| Address   28779 NICK DAVIS ROAD | City   HARVEST | State   AL | Zip Code   35749 |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction         4 ☐ Pretrial Order          7 ☐ Juvenile Transfer Order    10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy   5 ☐ Contempt Adjudication   8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation     6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____        6 ☐ Trafficking in Drugs - § _____    11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____               7 ☐ Theft - § _____                   12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____                8 ☐ Damage or Intrusion               13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful                   to Property - § _____              14 ☐ Traffic - Other - § _____
   Imprisonment - § _____            9 ☐ Escape - § _____                  15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____       10 ☐ Weapons/Firearms - § _____            _____ - §

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  ☐ Yes ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____
                                                                                                        (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

## H. POST-JUDGMENT MOTIONS:
List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 7 | 10 | 06 | MOTION FOR RECONSIDERATION | 7 | 13 | 06 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## I. NATURE OF THE CASE:
Without argument, briefly summarize the facts of the case.

APPELLANT FILED RULE 32 PETITION ALLEGING AN ILLEGAL SENTENCE BECAUSE HE WAS NOT SENTENCED AS A HABITUAL OFFENDER. AFTER A RESPONSE FROM THE STATE THE TRIAL COURT SUMMARILY DISMISSED THE PETITION.

## J. ISSUE(S) ON APPEAL:
Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

I. WHETHER THE TRIAL COURT ERRED IN SUMMARILY DISMISSING THE PETITION WITHOUT AFFORDING APPELLANT OPPORTUNITY TO MEET HIS BURDEN OF PROOF WHERE BURDEN OF PLEADING IS SUFFICIENT.
II. THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT AND IMPOSE SENTENCE BECAUSE THE SENTENCE EXCEEDS THE MAXIMUM AUTHORIZED BY LAW.

## K. SIGNATURE:

7/19/06

Date

X Dosral Holloway

Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C      8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R.App.P.) | Criminal Appeal Number |

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

Filed

☒ CIRCUIT COURT    ☐ DISTRICT COURT    ☐ JUVENILE COURT OF    _Randolph_    COUNTY

JUL 2 4 2006

_Roscoe Holloway_    KIM S.    Appellant

Clerk of Circuit Court

V.    ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF

| Case Number    CC-05-132.60 | Date of Judgment/Sentence/Order    6/28/06 |
| Date of Notice of Appeal<br>Oral:            Written:    7/19/06 | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

X _Roscoe Holloway_        _7/19/06_        _Roscoe Holloway_
Signature                        Date                Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.):

**MARK PROCEEDINGS REQUESTED:**

COURT REPORTER(S)

A. ☐ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED        DATE        COURT REPORTER(S)

D. _____

E. _____

F. _____

G. _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____        _____        _____
Signature                        Date                Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a

## CERTIFICATE OF SERVICE

I, Roscoe Holloway, do hereby certify, under the penalty of perjury, filing of the foregoing in the Circuit Court of Randolph County:

NOTICE OF APPEAL

DOCKETING STATEMENT

REPORTER'S TRANSCRIPT ORDER

with a true copy upon the District Attorney of Randolph County, and the Alabama Court of Criminal Appeals by placing the same in the hands of prison officials for mailing in the legal mail system (the mail box rule), United States mail, postage paid and addressed correctly this 19th day of July, 2006.

Roscoe Holloway #154358
Limestone C.F. 8-Dorm
28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

IN THE CIRCUIT COURT OF _Randolph_ COUNTY, ALABAMA

_Roscoe Holloway_,                    )
                                      )
              Petitioner,             )
                                      )
        v.                            )
                                      )      Case No.: _cc - 05 - 0132_
STATE OF ALABAMA,                     )
                                      )      **Filed in Office**
              Defendant.              )
                                      )      APR 2 5 2006
                                      )
                                      )      KIM S. BENEFIELD
—————————————————————————————          Clerk of Circuit Court

PETITION FOR RELIEF FROM
CONVICTION OR SENTENCE
(Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Petitioner's Prison Number: _154358_

Place of Confinement: _Limestone C.F._

County of Conviction: _Randolph_

NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE
ACCOMPANYING INSTRUCTIONS.

1.   Name and location (city and county) of court which entered the judgment of

conviction or sentence under attack: _Randolph County Circuit Court_

_P.O. Box 328 Wedowee, AL. 36278_

2.   Date of judgment or conviction: _October 6, 2005_

3.   Length of sentence: _15 years_

4.   Nature of offense(s) involved (all counts): _Robbery 3Rd. Degree_

—1—

1

5.    What was your plea? (Check one)

    (A)    Guilty                    X

    (B)    Not Guilty              ____

    (C)    Not Guilty by reason of mental disease or defect        ____

    (D)    Not Guilty and not guilty by reason of mental disease or defect        ____

If you entered a guilty plea to a one count indictment, and a not guilty plea to

another count or indictment, give details:_____

_____

_____

6.    Kind of trial: (Check one)

    (A)    Jury    ____              (B)    Judge only    X

7.    Did you testify at trial?

           Yes    ____              No    X

8.    Did you appeal from the judgment or conviction?

           Yes    ____              No    X

9.    If you did appeal, answer the following:

    (A)    As to the state court to which you first appealed, give the following
           information:

        (1)    Name of Court:_____

        (2)    Result:_____

                 _____

        (3)    Date of Result:_____

    (B)    If you appealed to any other court, then as to the second court to which
           you appealed, give the following information:

    (1)   Name of Court: _____

    (2)   Result: _____

         _____

    (3)   Date of Result: _____

(C)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

    (1)   Name of Court: _____

    (2)   Result: _____

         _____

    (3)   Date of Result: _____

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

        Yes ____        No ✗

11.    If your answer to Question 10 was "yes," then give the following information in regard to the first such petition, application, or motion you filed:

   (A)   (1)   Name of Court: _____

        (2)   Nature of Proceeding: _____

        (3)   Grounds raised: _____

           _____

           _____

        (Attach additional sheets if necessary)

        (4)   Did you receive an evidentiary hearing on your petition, application, or motion?   Yes ____   No ____

        (5)   Result _____

    (6)    Date of Result:_____

(B)    As to any second petition, application, or motion, give the same information:

    (1)    Name of Court:_____

    (2)    Nature of Proceeding:_____

    (3)    Grounds raised:_____

_____

_____

(Attach additional sheets if necessary)

    (4)    Did you receive an evidentiary hearing on your petition,

application, or motion?    Yes ____    No ____

    (5)    Result_____

    (6)    Date of Result:_____

(C)    As to any third petition, application, or motion, give the same information:

    (1)    Name of Court:_____

    (2)    Nature of Proceeding:_____

    (3)    Grounds raised:_____

_____

_____

(Attach additional sheets if necessary)

    (4)    Did you receive an evidentiary hearing on your petition,

application, or motion?    Yes ____    No ____

    (5)    Result_____

    (6)    Date of Result:_____

(D)     Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)     First Petition, etc.          Yes ___     No ___

    (2)     Second Petition, etc.      Yes ___     No ___

    (3)     Third Petition, etc.        Yes ___     No ___

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(E)     If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not: _____

_____

_____

12.     Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

## GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instructions under the ground(s):

___ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief. For your information, the following is a list of the most frequently raised claims of constitutional violation:

    (1)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

    (2)     Conviction obtained by use of coerced confession.

    (3)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (4)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

(9)    Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground for relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

X B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

X C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

____ E. Newly discovered material facts exist which require that the conviction or sentence be vacated because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

____ F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's fault.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS. RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?    Yes ____    No ✓

B.    If you checked "Yes," give the following information as to earlier petition(s) attacking this conviction or sentence:

(a)    Name of court _____

(b)    Result _____

(c)    Date of result _____

(Attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUNDS(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____    No __X__

15.    Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)    At preliminary hearing _Attorney Oliver Kitchens_
        _P.O. Box 486 Roanoke, Al. 36274_

(b)    At arraignment and plea _Attorney Oliver Kitchens_
        _P.O. Box 486 Roanoke, Al. 36274_

(c)    At trial _____
        _____

(d)    At sentencing _Attorney Oliver Kitchens_
        _P.O. Box 486 Roanoke, Al. 36274_

(e)    On appeal _____
        _____

(f)    In any post-conviction proceeding _____
        _____

(g)    On appeal from adverse ruling in a post-conviction proceeding _____
        _____

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____    No _____

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No __X__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b)  And give date and length of sentence to be served in the future: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____    No __X__

18.  What date is this petition being mailed? _____

_____

Wherefore, petitioner prays that the Court grant petition relief to which he may be entitled in this proceeding.

## PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___4/17/06___
                    (Date)

_Roscoe Holloway_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 17th day of _April_, 2006

_____
Notary Public

## MEMORANDUM OF LAW IN SUPPORT

## STATEMENT OF THE CASE AND FACTS

Your Petitioner, Roscoe Holloway, was indicted in the 2005 Fall Term of the Randolph County Grand Jury for the charge of Robbery Third Degree, a violation of §13-8-43 of the *Code of Alabama* 1975.

On October 6, 2006, Your Petitioner was before the Circuit Court of Randolph County, Honorable Ray D. Martin (CC-2005-0132). At that time, the District Attorney's Office of Randolph County offered Your Petitioner a plea agreement. The basis of the plea agreement was that the State would recommend a sentence of 15 years if Your Petitioner pleaded guilty to the indicted offense, robbery third degree; a Class C felony. The Honorable Court accepted the plea of guilty and sentenced Your Petitioner to a term of fifteen years. No direct appeal was filed. Hence, this Rule 32, *Alabama Rules of Criminal Procedure* petition follows.

## ARGUMENT

1. **THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM ALLOWED BY LAW.**

Your Petitioner would argue that the imposition of a fifteen-year sentence for the crime of third-degree robbery, which is a Class C felony, exceeds the maximum authorized by law. The sentencing range for a Class C felony is "not more than 10 years

or less than 1 year and 1 day." See §13A-5-6(a)(3), *Ala.Code* 1975. Thus, his sentence of fifteen years exceeds the maximum authorized by law.

It is Your Petitioner's contention that his claim is factually similar to that of *Grady v. State*, 831 So.2d 646 (Ala. Crim. App. 2001). See also *Barnes v. State*, 708 So.2d 217 (Ala.Crim.App.1997).

In *Grady*, the Court of Criminal Appeals held that because Grady pled guilty to second-degree theft of property, which is also a Class C felony, the trial court erred when it imposed a twenty-year sentence. As in the instant case, the sentencing range for a Class C felony is "not more than 10 years or less than 1 year and 1 day." §13A-5-6(a)(3), *Ala. Code* 1975. The *Grady* Court concluded that Grady's sentence of twenty years was in excess of the maximum allowed by law. In holding so, the Court relied upon Grady's record being devoid of any "indicat[ion] that Grady was sentenced as a habitual felony offender." *Ibid*. at 649. "The circuit court noted on the case action summary sheet, regarding Grady's first Rule 32 petition: 'Petition Denied -- court documents refute allegations re improper sentencing range.'" *Ibid*. at 649. The Court of Criminal Appeals held that:

> "Nonetheless, this notation does not indicate that Grady was sentenced as a habitual felony offender. Moreover, from the record before us, Grady did not claim that his sentence was illegal in his first Rule 32 petition.
>
> If, in fact, Grady was not sentenced as a habitual offender, then his sentence exceeded the maximum allowed by statute. We remand this cause for the circuit court to determine whether Grady's sentence exceeds the statutory maximum."

2

_Ibid_. at 649.

Comparing _Grady_ to the instant case, there is no indication that Your Petitioner was sentenced as a habitual offender. The _Ireland_ form or "Explanation of Rights" form (See Exhibit #1) and the plea agreement (See Exhibit #2) signed by Your Petitioner are devoid that Your Petitioner was sentenced as a habitual offender. Therefore, the conclusion in this case must be that he was not, just as in _Grady_.

Your Petitioner avers that his sentence of fifteen years exceeds the maximum authorized by law and should be corrected. Therefore, he asks that this Honorable Court set aside its order of fifteens years, thereafter imposing a sentence within the punishable range for a Class C felony.

## CONCLUSION

Your Petitioner has presented a meritorious claim of an illegal sentence, which if true, would entitle him to relief. "It is well settled that a facially valid challenge to the legality of sentence presents a 'jurisdictional' issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, _Ala.R.Crim.P._" _Moore v. State_, 739 So.2d 530 (Ala. Crim. App. 1999). See also, Barnes v. State, 708 So.2d 217, 219 (Ala.Crim.App. 1997). Because the neither the plea bargain nor the _Ireland_ form suggests that Your Petitioner was sentenced as a habitual offender, shows his sentence is in fact illegal and exceeds the maximum authorized by law.

The Court of Criminal Appeals has repeatedly held the "at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only 'a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), *Ala.R.Crim.P*. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), *Ala.R.Crim.P.*, he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof." *Ford v. State*, 831 So.2d 641, 644 (Ala.Crim.App. 2001). Your Petitioner has provided "a clear and specific statement of the grounds upon which relief is sought. *Ibid*. Therefore, he is entitled to an opportunity to he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.

Respectfully submitted this 17th day of April, 2006.


*Roscoe Holloway*
Roscoe Holloway, Petitioner
#154358 / 8 Dorm
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama 35749-7009

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52front) Rev.8/11/2000 | EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY<br>(Habitual Felony Offender – Circuit or District Court) | Case Number CC-2005<br>-132<br>☐ Count _____<br>(count #, if applicable) |

IN THE **Circuit** COURT OF **Randolph**
(Circuit or District) (Name of County)

STATE OF ALABAMA v. **Roscoe Lewis Holloway**
Defendant

**Filed in Office**

**OCT - 6 2005**

**KIM S. BENEFIELD**
**Clerk of Circuit Court**

TO THE ABOVE-NAMED DEFENDANT: The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of **Robbery 3rd** which is a Class **C** Felony. The Court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____ which is a **C** Felony. The sentencing range of the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine(99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty 920) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor. |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act Section 13A-5-9 Ala. Code 1975, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day – 10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2 – 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 – 99 Years<br>In State Penitentiary<br>Fine Up To $20,000 | 15 – 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class BE Felony | 2 – 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 – 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 – 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or any<br>term of not less than 20 years Fine Up<br>To $20,000 |
| Class A Felony<br>(No Prior convictions for a<br>Class A Felony) | 10 – 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 – 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life or Life<br>Imprisonment Without , Possibility of<br>Parole, Fine Up To $20,000 |
| Class A Felony | | | | |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)
☐ **Enhanced Punishment For Use of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such even: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years:
☐ **Enhanced Punishment For Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three(3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.
☐ **Enhanced Punishment For Drug Sale Near Housing Project:** Section 13A-12-270, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.
☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** Section 113A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.
☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281, Ala. Code 1975, provides that, if your are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213(unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age

Original - Court File      Copy - Defendant      Copy - District Attorney      Copy - Defense Attorney

**EXHIBIT #1**

14

STATE OF ALABAMA
Plaintiff

vs.

Roscoe Holloway
Defendant.

Case Number: CC- 05 - 132

Filed in Office

OCT - 6 2005

KIM S. BENEFIELD
Clerk of Circuit Court

PLEA AGREEMENT

AFTER DISCUSSION AND NEGOTIATION BETWEEN THE PARTIES, after a full explanation of rights has b
the defendant, and after such disclosure of information between the parties as each deems sufficient, it is agreed
case, subject to the acceptance of the Court, that:

1. Defendant will enter a plea of guilty to the charge of _Robbery Third Degree_

2. The Prosecutor will move for dismissal with prejudice of all other offenses charged in the indictment.

3. The Prosecutor will recommend to the Court that the defendant be given a sentence of _15 years_
   Prosecutor will also recommend that defendant's sentences run consecutively/concurrently.

4. The Prosecutor will oppose/take no position on the Court's suspending the sentence given to the
   and placing the defendant on probation but will not oppose a split. _amm_

5. All items seized in connection with this case shall be condemned and/or forfeited to the investigating a
   the proper disposal or destruction.

6. The State can prove and the defendant admits _Six (6)_ prior felony conviction(s)

7. Defendant agrees to pay restitution as follows: _none claim, property recove_

8. Defendant states that his/her attorney has provided proper and adequate representation and states th
   is satisfied with his/her representation.

9. Defendant also waives his/her right to appeal with exception as noted on record for appeal of Section
   217, Code of Alabama.

10. Defendant shall repay all court appointed attorney's fee, if applicable, and all medical expenses incurre
    incarcerated in the Randolph County Jail.

11. Defendant shall pay the costs of court and $50.00 VCF, $ _0_ fine, $ _n/a_ drug assessmen
    $ _n/a_ to the Forensic Sciences Drug Trust Fund, $ _n/a_ to the Alabama Head Injury Foundatio
    $ _n/a_ to the Alabama Chemical Testing Training and Equipment Trust Fund, and an assessmen
    $ _n/a_ pursuant to the Invest in Justice Act of 1999.

_Oct 6, 2005_
Date

_Roscoe Holloway_
Signature of Defendant

_[signature]_
Signature of Prosecutor

_[signature]_
Signature of Attorney for Defendant

**EXHIBIT #2**

15

CASE NUMBER

| | ID | YR | NUMBER |
(To be completed by Court Clerk)

IN THE CIRCUIT COURT OF _Randolph_____ COUNTY, ALABAMA

**Filed in Office**

_Roscoe Holloway,_ )
)
        Petitioner, )
)
  v. )
)
STATE OF ALABAMA, )
)
        Defendant. )

APR 2 5 2006

**KIM S. BENEFIELD**
Clerk of Circuit Court

Case No.: _CC : 05-0132_

---

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Roscoe Holloway #154358_, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.    Are you presently employed?    Yes _____    No  _X_

   a.    If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

      _____

      _____

   b.    If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

      _____

      _____

2.    Have you received within the past twelve months any money from any of the following sources?

-1-

a.    Business, profession, or other form of self-employment?
Yes _____    No __X__

b.    Rent payments, interest, or dividends?
Yes _____    No __X__

c.    Pensions, annuities, or life insurance payments?
Yes _____    No __X__

d.    Gifts or inheritances?
Yes __X__    No _____

e.    Any other sources?
Yes _____    No __X__

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

_Friends & Family — see Attached_ .

_____

_____

3.    Do you own cash, or do you have money in a checking or savings account?

Yes _____    No __X__

(Include any funds in prison accounts.)

If the answer is "yes," state the total value of the items owned.

_____

_____

4.    Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____    No __X__

If the answer is "yes," describe the property and state its approximate value.

_____

_____

-2-

5.    List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

*My wife, Erma McClain Holloway.*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on  *4/17/06*

(date)

*Roscoe Holloway*

Signature of Petitioner

### Certificate

I hereby certify that the petitioner herein has the sum of $ *0.10* on account to his credit at the  *LCF*  institution where he is confined.  I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said  *N/A*  institution:

*4/18/2006*

DATE

AUTHORIZED OFFICER OF
INSTITUTION

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
LIMESTONE CORECTIONAL FACILITY

AIS #: 154358        NAME: HOLLOWAY, ROSCOE L.

AS OF: 04/18/2006

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| APR | 12 | $0.00 | $0.00 |
| MAY | 31 | $0.00 | $0.00 |
| JUN | 30 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.06 |
| MAR | 31 | $1.67 | $30.00 |
| APR | 18 | $1.13 | $53.00 |

19

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| VS. | )     CASE NO. CC-05-132 |
| | ) |
| ROSCOE HOLLOWAY | ) |

### ORDER

Defendant's Request To Proceed In Forma Pauperis is GRANTED.  Further, the District Attorneys Office is Ordered to respond to Defendant's Petition For Relief From Conviction Or Sentence within thirty (30) days.

Let a copy of this Order issue to the defendant and the District Attorneys Office.

Signed this the 15th day of May, 2006.

_RAY D. MARTIN_
CIRCUIT JUDGE

**Filed in Office**

MAY 1 5 2006

KIM S. BENEFIELD
Clerk of Circuit Court

20

IN THE CIRCUIT COURT OF _Randolph_, COUNTY, ALABAMA

_Roscoe L. Holloway_,

Petitioner,

VS.

STATE OF ALABAMA,

Respondent,

CASE NO.: _05000132_

**Filed in Office**

JUN 1 9 2006

KIM S. BENEFIELD
Clerk of Circuit Court

## MOTION

COMES NOW the Petitioner, _Roscoe Louis Holloway_, and being through himself, and requests this Honorable Court to enter an order granting his Rule 32 Petition, and as grounds for such states as follows:

1. That the State failed to respond to the defendant's Rule 32, as required by Rule 32.7(a), Ala.R.Crim.P.

2. "Because the State failed to respond, the defendant's Rule 32 should be granted. See Madden v. State, 864 So.2d 395, 396 (Ala.Crim.App. 2002).

3. The Petitioner asserts that the record is devoid of evidence of an answer or response by the State to the petitioner's petition, as required by Rule 32.7(a), A.R.Cr.P. In Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App.1991), this Court held:

"when the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true. Charest v. State, 517 So.2d 643, 644 (Ala.Cr.App.1987)... A petitioner is entitled to notice as to any grounds of preclusion, so as to enable him to formulate a response. Ex parte Rice, 565 So.2d 606, 608 (Ala.1990)."

4. As in _Smith_, the petitioner was never given the requisite notice of any grounds of preclusion because of the State's failure to respond.

WHEREFORE PREMISES CONSIDERED, petitioner prays this Honorable Court will enter an order granting his Rule 32 Petition and setting a date for an evidentiary hearing.

RESPECTFULLY SUBMITTED this _16_ day of _June_, 2006.

BY: _Roscoe Louis Holloway_    # AIS# _154354_
_Roscoe Louis Holloway_
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon the ~~his~~ District Attorney by placing a copy of same in his/her Mailbox located in the Clerk's Office of the _Randolph_ County Courthouse.

_Roscoe Louis Holloway_    AIS# _154354_
_Roscoe Louis Holloway_
Petitioner

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| VS. | ) | CASE NO. CC-05-132 |
| | ) | |
| ROSCOE HOLLOWAY | ) | |

## ORDER

The defendant has filed a Rule 32 Petition. In essence, he alleges that his sentence of fifteen years for Robbery Third Degree, a Class C felony exceeds the statutory maximum. While on its face this would be correct, the defendant fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen year sentence was in fact his minimum sentence.

Accordingly, the Petition for Rule 32 is DENIED.

Let a copy of this Order issue to the defendant, counsel, and the District Attorneys Office.

Signed this the 28th day of June, 2006.

RAY D. MARTIN
CIRCUIT JUDGE

Filed in Office

JUN 2 8 2006

KIM S. BENEFIELD
Clerk of Circuit Court

23

*Randolph*

IN THE CIRCUIT COURT OF ~~MADISON~~ COUNTY, ALABAMA

ROSCOE HOLLOWAY,                    )

    Petitioner,                     )

                               )

Vs                                  )          CASE No. CC-05-132.60

                               )

STATE OF ALABAMA,                   )

    Respondents.                    )

**Filed in Office**

JUL 1 0 2006

KIM S. BENEFIELD
Clerk of Circuit Court

### MOTION FOR RECONSIDERATION

COMES NOW your Petitioner, Roscoe Holloway, pro se, in the above styled cause and respectfully moves this Honorable Court to reconsider its Order of June 28, 2006, dismissing his Rule 32, *A.R.Crim.P.*, post-conviction petition. In support thereof, your Petitioner presents and shows as follows:

### ARGUMENT

I.    THE TRAIL COURT ERRED IN THE SUMMARY DISMISSAL OF ITS PETITIONER'S CLAIMS WITHOUT ORDERING A RESPONSIVE PLEADING FROM THE STATE.

Your Petitioner would argue that he was denied procedural due process when the trial court summarily dismissed his petition without first ordering the State to respond to the claims presented.

First, grounds of preclusion and procedural hurdles are not applicable under the facts of this case. "Matters concerning

24

1

unauthorized sentences are jurisdictional," *Hunt v. State*, 659 So.2d 998, 999 (Ala.Crim.App.1994). Thus, a court presented with such claims should take notice and order the State to respond to determine whether the sentence imposed is within its statutory limits. Thus, grounds of preclusion and procedural hurdles are not applicable in the instant case.

Secondly, as admitted by the trial court, "on its face [Petitioner's claims are] correct, the defendant [Petitioner] fails to take into account the effect his six prior felonies, which the State stood ready to prove[.]" (See Court's Order, 6/28/06). It is not what the State "stood ready to prove," but whether or not the Petitioner was sentenced as a habitual offender, if not is his sentence within the proper range for the crime committed; the record clearly shows he was not. Thus, your Petitioner presented a valid claim of an illegal sentence, which the State should have responded and addressed on the merits.

II.    THE TRIAL COURT ERRED IN ITS DISMISSAL OF A SUBSTANTIAL JURISDICTIONAL CLAIM OF AN ILLEGAL SENTENCE.

Your Petitioner presented a valid claim of an illegal sentence, which if true would entitle him to relief. Petitioner relied upon the authority of *Grady v. State*, 831 So.2d 646 (Ala. Crim. App.2001).

As set forth in his Rule 32 petition, supported by the exhibits attached thereto, the State may have been ready to prove

2

priors and it may have intended to ask the trial court to invoke the habitual felony offender act, but he record is devoid of such action.   It is not what could or should have occurred, but what did and did not occur.   What did occur is an illegal sentence.What did not occur was invoking of the habitual offender act.

Your Petitioner was not required to "prove" his claims.  "If a Rule 32 petition contains allegations that, if true, would entitle the petitioner to relief, the trial court must hold an evidentiary hearing. *Smith v. State*, 581 So.2d 1283 (Ala. Crim. App. 1991) (citing *Ex parte Boatwright*, 471 So.2d 1257 (Ala. 1985).   "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only 'a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), *Ala.R.Crim.P.* Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof." *Ford v. State*, 831 So.2d 641, 644 (Ala.Crim.App.2001).   Your Petitioner attached exhibits, which show that he was not sentenced as a habitual offender, without proof that he was, the maximum sentence that could have been imposed is ten years.   Your

3

Petitioner's sentence is illegal and is due to be vacated and he is to be re-sentenced within the proper range for a Class C felony.

## PRAYER

WHEREFORE, circumstances and premises considered herein, your Petitioner prays that this Honorable Court will recall its previous Order of June 28, 2006. Thereafter, order the State the respond to your Petitioner's allegations, thereafter, allow your Petitioner the opportunity to controvert the claims of the State and set the cause for an evidentiary hearing.


Respectfully submitted this 6th day of **July, 2006.**


*Roscoe E. Holloway*
Roscoe Holloway, Petitioner


## CERTIFICATE OF SERVICE

I, Roscoe Holloway, certify that I have served a true copy of the foregoing upon the District Attorney of Randolph County, Alabama on this 6th day of July, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

*Roscoe E. Holloway*
Roscoe Holloway #
L.C.F.    8 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA )
)
VS. )        CASE NO. CC-05-132
)
ROSCOE HOLLOWAY )

## ORDER

The Court previously denied the Defendant's Rule 32 Petition on June 28, 2006. The defendant has now filed a Motion for Reconsideration on July 10, 2006. The Court's previous Order in part stated that the State stood ready to prove six prior convictions. The defendant contends that this is not sufficient for sentencing under the Habitual Offender Act. However, the defendant executed a Plea Agreement on October 6, 2005, which reflects that the State could prove and that the defendant admits six prior felony convictions. This admission of the defendant was used in the Court's sentencing of the defendant in this present case. Accordingly, the Motion to Reconsider is DENIED.

Let a copy of this Order issue to the defendant, counsel, and the District Attorneys Office.

Signed this the 13th day of July, 2006.

RAY D. MARTIN
CIRCUIT JUDGE

**Filed in Office**

JUL 1 3 2006

KIM S. BENEFIELD
Clerk of Circuit Court

28

```
ACRO372                 ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2005 000132.60
OPER: MAL                        CASE ACTION SUMMARY
AGE:   1                          CIRCUIT  CRIMINAL                  RUN DATE: 05/15/2006
===========================================================================================
N THE CIRCUIT COURT OF   RANDOLPH
                                                                              JUDGE: RDM
STATE  OF  ALABAMA                    VS        HOLLOWAY ROSCOE AIS#15435
                                                LIMESTONE CF DORM 8
CASE: CC 2005 000132.60                         28779 NICK DAVIS RD
                                                HARVEST, AL  35749 0000
DOB: 01/01/1964           SEX: M  RACE: B  HT: 6 00  WT: 175   HR: BLK EYES: BRO
SSN: 419988428  ALIAS NAMES:
===========================================================================================
CHARGE01: RULE 32-FELONY              CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                                 AGENCY/OFFICER: 0560000

DATE WAR/CAP ISS:                        DATE ARRESTED:
DATE     INDICTED:                       DATE    FILED: 04/25/2006
DATE   RELEASED:                         DATE  HEARING:
BOND      AMOUNT:           $ .00            SURETIES:
DATE 1:             DESC:                 TIME: 0000
DATE 2:             DESC:                 TIME: 0000
TRACKING NOS:
                                  /                       /
  DEF/ATY:
                                     TYPE:
                                                                          TYPE:
                          00000
                                                          00000
PROSECUTOR: JONES E PAUL
===========================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:
URT REPORTER:                    SID NO:                    GRAND JURY:
F STATUS: JAIL                   DEMAND:       000000000
                                                                          OPER: MAL
===========================================================================================
DATE          ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 4-25-06 | Petition for Relief from Conviction or Sentence |
| 4-25-06 | Declaration In Support of Request To Proceed In Forma Pauperis |
| 5-15-06 | Order filed - Request To Proceed In Forma Pauperis Granted - copies mailed |
| 6-19-06 | D/A's Motion filed |
| 6-28-06 | Order filed - Petition Denied - copies mailed |
| 7-10-06 | Motion for Reconsideration |
| 7-13-06 | Order filed - Motion for Reconsideration Denied - copies mailed |
| 7-24-06 | Notice of Appeal |
| 7-24-06 | Court of Criminal Appeals Docketing Statement |
| 7-24-06 | Reporters Transcript Order |

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

TO: THE CLERK OF

    THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | DATE OF<br>NOTICE OF APPEAL: | 07/24/06 |
|---|---|---|

APPELLANT

             ROSCOE HOLLOWAY

v. STATE OF ALABAMA

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___30___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____24TH____ day of _____JULY_____, ___2006___.


                                   *Kim L. Benefield*
                               Circuit Clerk

*Attorney General's copy.*

FILED

AUG - 3 2006

CLERK
ALA COURT CRIMINAL APPEALS

APPEAL NO. CR-05-2007

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROSCOE HOLLOWAY

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE CIRCUIT COURT OF

RANDOLPH COUNTY, ALABAMA

CC-2005-132.60

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF OF APPELLANT

ROSCOE LEWIS HOLLOWAY, AIS#154358
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

NO ORAL ARGUMENT REQUESTED

PENGAD 800-631-6989

EXHIBIT

B

TABLE OF CONTENTS

Table of Contents.................................................................I

Table of Authorities........................................................II..III

Statement of the Case.........................................................1

Statement of the Issues.......................................................2

Statement of the Facts........................................................3

Statement of the Standard of Review...........................................5

Summary of the Argument.......................................................6

Argument......................................................................7

Conclusion...................................................................14

Certification regarding font and Type Style..................................16

Certificate of Service.......................................................17

I.

# TABLE OF AUTHORITIES

Bates v. State, 620 So.2d 745 (Ala.Cr.App. 1993)...............7

Booker v. United States, 543 U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).........................................................12

Brooks v. State, 525 So.2d 195 (Ala.Cr. App. 1987)...........11

Brown v. State, 611 So.2d 1194 (Ala.Crim.App. 1992)..........10

Browning v. State, 901 So.2d 757 (Ala.Crim.App. 2004)........10

Carroll v. State, 706 So.2d 615 (Ala.Cr.App. 1997)...........13

Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992)..........5

Ford v. State, 831 So.2d 641 (Ala.Crim.App. 2001).......####7

Franklin v. State, 879 So.2d 1214 (Ala.Crim.App. 2003)......11

Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988)...........13

Hunt v. State, 659 So.2d 259 (Ala.Cr.App. 1996).............8

Ladd v. State, 577 So.2d 926 (Ala.Crim.App. 1990)...........9

Madden v. State, 864 So.2d 395 (Ala.Crim.App. 2002).........7

Martin v. State, 687 So.2d 1253 (Ala.Cr.App. 1996)..........10

Moore v. State, 779 So.2d 530 (Ala.CrimApp. 1998)...........9

Myers v. State, 715 So.2d 928 (Ala.Crim.App. 1998)..........12

Ex parte Rivers, 597 So.2d 1308 (Ala. 1991).................9

Sampson v. State, 605 So.2d 846 (Ala.Crim.App. 1992)........10

Shumate v. State, 676 So.2d 1345 (Ala.Cr.App. 1995).........11

Smith v. State, 581 So.2d 1283 (Ala.Cr.App. 1991)...........13

Teat v. State, 589 So.2d 815 (Ala.Cr.App. 1991)...............13

Ex parte Williams, 510 So.2d 135 (Ala. 1987)...............8,9


ALABAMA RULES OF CRIMINAL PROCEDURE

Rule 32

Rule 26.6(b)(3)(iii)...........................................11

Rule 32.1(b) and (c).........................................10

Rule 32.2(b) and (c)......................................6, 14

Rule 32.6.....................................................7

Rule 32.7.....................................................7


ALABAMA CODE §§§§ 1975

§ 13A-5-6(a)(3) and (5)................................8, 11, 12

§ 13A-8-43(b)................................................9

ALABAMA CONSTITUTION OF 1901

Article I, § 7,.............................................12

## STATEMENT OF THE CASE

Roscoe Holloway was represented by Mr. Oliver Kitchens when he was indicted in the Fall Term of the Randolph County Grand Jury for the charge of Robbery Third Degree. Mr. Holloway was coerced by his counsel to sign a guilty-plea agreement for a sentence of 15 years on October 6, 2005. No direct appeal was filed.

Mr. Holloway filed his first Rule 32 petition for Relief from Conviction or Sentence on or about April 25, 2006. On or about May 15, 2006, Hon. Ray D. Martin, judge ordered the District Attorney's Office to respond to the petition. The District Attorney's Office never responded. On or about June 28, 2006, the Hon. Ray D. Martin, judge entered an order denying the petition without an evidentiary hearing. On July 10, 2006, Mr. Holloway filed a Motion for Reconsideration. On or about July 13, 2006, the Hon. Ray D. Martin, judge entered an order denying the motion for reconsider.

Mr. Holloway filed his Notice of Appeal on July 24, 2006 and the defendant is representing himself in this matter.

1.

### STATEMENT OF THE ISSUES

I. WHETHER THE TRIAL COURT ERRED IN SUMMARILY DENYING THE DEFENDANT'S RULE 32

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE WITHOUT AFFORDING HIM AN OPPORTUNITY

TO MEET HIS BURDEN OF PROOF WHERE BURDEN OF PLEADING IS SUFFICIENT?    YES.

II. WHETHER THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT AND

IMPOSE SENTENCE, BECAUSE THE SENTENCE EXCEEDS THE MAXIMUM AUTHORIZED BY LAW?

YES.

82.

## STATEMENT OF THE FACTS

This is an appeal from a denial of the Rule 32 petition filed by Roscoe Holloway in the Circuit Court of Randolph County, Alabama (C-1). and from the summary denial of said petition (C-23).

Roscoe Holloway was indicted in the 2005 Fall Term of the Randolph County Grand Jury for the Charge of Robbery Third Degree (C-14,15). On October 6, 2006, Holloway was before the circuit court of Randolph County, Honorable Ray d. Martin, judge presided (C-15). at that time, the District Attorney's Office offered him a plea agreement and the basis of the plea agreement was that the State would recommend a sentence of 15 years if he pleaded guilty to the offense of Robbery Third Degree; which is a Class C felony (C-015). The trial Court accepted the guilty plea and sentenced Holloway to a term of fifteen years (C-15). The record will show that the State did not present any evidence or proof of document concerning any prior felony convictions, nor did the trial court stated at the sentencing that the court was considering sentencing him under the Habitual Felony Offender Act, nor did the trial court inform him of considering the HFOA upon the agreement.

Mr. Holloway signed the guilty-plea agreement believing the court was going to sentenced him as a Class C felony upon the agreement (C-14,15). There was no direct appeal filed in this case.

On April 25, 2006, Mr. Holloway filed his very first Rule 32 petition for relief (C-1). On May 15, 2005, the Hon. Ray D. Martin, judge issued an order for the District Attorney's Office to respond to defendant's petition for relief from conviction or sentence within 30 days (C-20). The record will show that the District

3.

Attorney's Office did not respond or refute the defendant's allegations of the petition petition. On June 19, 2006, the defendant filed a motion for the trial court to grant his Rule 32 petition, because the State failed to respond or refute the allegations of his petition and the unrefuted statement of facts must be taken as true (C-21).

On June 28, 2006, the trial court denied Holloway's petition. On July,10, 2006, MR. Holloway filed a motion for reconsideration of the summary denial of his petition (C-24). On july 13, 2006, the trial court denied his motion to reconsider (C-28). This appeals follows.

4.

## STATEMENT OF THE STANDARD OF REVIEW

The appropriate standard of review in determining whether a trial court erred in summarily denying a Rule 32 petition for relief is whether the trial court abused its discretion. Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992).

STATEMENT OF THE ARGUMENT

## SUMMARY OF THE ARGUMENT

Mr. Holloway Rule 32 petition for relief from conviction or sentence should not have been summarily denied. Mr. Holloway argued a jurisdictional claim that is not subject to the restrictions of the limitations period found in Rule 32.2(c) or the rule against against successive petitions found in Rule 32.2(b), of the Alabama Rules of Criminal Procedure. Mr. Holloway presented sufficient facts, if true, that would entitle him to relief; and Mr. Holloway presented a jurisdictional c;laim that is not precluded.

The trial court judge agreed that "that Holloway's sentence of fifteen years for Robbery Third Degree, a Class C felony exceeds the statutory maximum. Which on its face would be correct."

Furthermore, Mr. Holloway presented facts that were unrefuted by the State. As such, the facts must be taken as true creating a meritorious claim that deserves either an evidentiary hearing or resentencing in the matter. As such, this Honorable appellate court should remand this case to the trial court for a resentencing hearing and further review,.

## ARGUMENT

## ISSUE ONE

I.    WHETHER THE TRIAL COURT ERRED IN SUMMARILY DENYING THE DEFENDANT'S RULE 32 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE WITHOUT AFFORDING HIM AN OPPORTUNITY TO MEET HIS BURDEN OF PROOF WHERE BURDEN OF PLEADING IS SUFFICIENT?    YES.

Holloway argued on appeal that the circuit court erred in summarily denying his petition with regard to the Circuit Court's standing as grounds for summarily denial that Holloway failed to prove his claims. This Court should note that Holloway had no burden of proof at the pleading stage of a Rule 32 proceeding. As this Court explained in Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App. 2001):

> "at the pleading stage of Rule 32 proceedings, a Rule 32 Petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather at the pleading stage, a petitioner must provide only a clear and specific statement of the grounds upon which relief is sought. Rule 32.6(b), Ala.R.CrimP. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."

Thus, summary denial on this ground was improper.

The State did not respond to the Rule 32 petition as ordered by the trial court. When the State does not respond to a petitioner's allegations the unrefuted statement of facts must be taken as true. See Bates v. State, 620 So.2d 745, 746 (Ala.Cr.App. 1993).

Holloway filed a motion requesting that the circuit court grant his Rule 32 petition and set aside his conviction because the State had not filed a response to the petition within 30 days as required by Rule 32.7(a), Ala.R.Crim.P. The trial court should have granted the Rule 32 petition. See Madden v. State, 864 So.2d 395, 396 (Ala.Crim.App. 2002).

7.

The trial court never stated in its denial, that the petition was precluded as untimely or precluded as a successive petition. The only reason that the trial court denied Holloway's petition, was the trial court's judge alleged "the defendant fails to take into account the effect his six prior felonies, d which the State stood ready to prove, has on the range of punishment. The fifteen year sentence was in fact his minimum sentence." This is an improper reason for denial and the trial court abused its discretion in this matter.

Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved. Hunt v State, 659 So.2d 258,259 (Ala.Cr.App. 1996).

At the sentencing, Holloway asserts that the Habitual Felony Offender Act had not actually been invoked or applied in his case and that, therefore, his 15-year sentence exceeded the ~~minimum~~ maximum authorized by law for a Class C felony. Robbery Third Degree is a Class C felony, § 13A-8-43(b), Ala.Code 1975; the maximum sentence for a Class C felony where no prior felony convictions are used for enhancement shall be "not more than 10 years," § 13A-5-6(a)(3), Ala.Code 1975.

### ARGUMENT

### ISSUE   TWO

II.   WHETHER THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT AND IMPOSE SENTENCE, BECAUSE THE SENTENCE EXCEEDS THE MAXIMUM AUTHORIZED BY LAW?   YES.

In Ex parte Williams, 510 So.2d 135, 136 (Ala. 1987), the Alabama Supreme Court held that because the Habitual Felony Offender Act is not "self-executing," the Act

8.

must be invoked, i.e., "called to the attention of the trial court," before the original sentencing or it cannot be applied at a subsequent sentencing hearing."

It is important to distinguish here between the circumstances contemplated by Ex parte Williams—i.e., a total failure to invoke and apply the Habitual Felony Offender Act at the original sentencing—and those cases where it is alleged that the state failed to give the defendant notice of its intent to invoke the Act or failed to give the defendant notice of the prior felony convictions upon which it would rely in invoking the Act. Where the Habitual Felony Offender Act has not been invoked before the original sentencing, a trial court is without the authority to resentence a defendant by applying the Act, and a subsequent sentence imposing an additional sentence upon application of the Act is an "illegal" sentence, which may be challenged at any time. See Moore v. State, 739 So.2d 530, 533 (Ala.Crim.App. 1998). Quoting, Nichols v. State, 629 So.2d 51, 57 (Ala.Cr.App. 1993).

However, collateral relief is available under subsections (b) and (c) if the court was without jurisdiction to render the judgment or to impose the sentence or if the sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law. Claims alleging jurisdictional defects and excessive sentences under Rule 32.1(b) and (c) are not subject to the two-year time bar. See Ladd v. State, 577 So.2d 926, 926-27 (Ala.Crim.App.1990), cert. denied, 577 So.2d 927 (Ala.1991).

In Ex parte Rivers, 597 So.2d 1308 (Ala.1991), the court held that a guilty plea entered by a defendant who had not been advised of his possible minimum and maximum sentences is not knowingly, voluntarily, and intelligently given, so that

9.

the judgment of conviction must be reversed and the case remanded. Id. at 1310. The Alabama Supreme Court in Rivers did not use the term 'jurisdiction.' But subsequently the Alabama Court of Criminal Appeals has followed Rivers and interpreted it to mean that failure to advise the defendant as required by Rivers is 'an absolute constitutional requirement' and is a jurisdictional matter that can be raised for the first time on appeal. Sampson v. State, 605 So.2d 946, 947 (Ala.Crim.App.1992). Three months later, without reference to Sampson, the Court of Criminal Appeals reiterated that failure to advise of possible minimum and maximum sentences is jurisdictional and can be raised at any time regardless of whether objection was made before trial judge. Brown v. State, 611 So.2d 1194, 1197-98 (Ala.Crim.App.1992).

In Browning v. State, 901 So.2d 757 (Ala.Crim.App. 2004), this Court noted that "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at trial level in order to preserve that issue for appellate review. Baxter v. State, 687 So.2d 219, 222 (Ala.Crim.App. 1996), quoting Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989)). This is because an illegal sentence implicates the subject matter jurisdiction of the trial court and therefore, is subject to review at any time. See Lancaster v. State, 638 So.2d 1370, 1372 (Ala.Crim.App. 1993). See also Rule 32.1(b), Ala.R.Crim.P., an appropriate ground for an Rule 32 petition is that the court was without jurisdiction to render judgment or to impose sentence.

In Martin v. State, 687 So.2d 1253, 1256 (Ala.Cr.App. 1996), held while this would tend to indicate that the defendant has at least one prior felony,

10.

absent a stipulation to that fact by the appellant it does not remove the State's

burden to prove prior felony convictions for sentence enhancement under the HFOA.

> "In order to invoke the HFOA, 'the burden of proof is on the state to show that
> the defendant has been convicted of a previous felony or felonies.' Rule 26.6
> (b)(3)(iii), Ala.R.Crim.P. 'If the state ~~fails to~~ fails to meet its burden
> of proof to established one or more prior felony convictions, then
> the defendant shall not be sentenced as an habitual offender.' Rule
> 26.6(b)(3)(iii), Ala.R.Crim.P."

Shumate v. State, 676 So.2d 1345 (Ala.Cr.App.1995).

Additionally, contrary to the trial court's assertion, that the

stood ready to prove six prior felonies during# the guilty plea is no

consequence, see Crenshaw, supra, an illegal sentence, whether or not

agreed to, is an illegal sentence. See Franklin v. State, 879 So.2d 1214, 1216
agreed
(Ala.Crim.App. 2003).

The record does not dispute the defendant's ~~allegations~~ allegations concerning

his sentence and the defendant has not admitted during the guilty plea of any

prior convictions to enhance provisions to be applied in this case. The proper

method for proving a prior conviction is by introducing a certified copy of

the minute entry, which must affirmatively show that defendant was represented

by counsel at the time of the prior conviction. And a prior conviction may be

proven by the introduction of a certified minute entry, a certified judgment

entry, or by defendant's admission of the prior conviction. Brooks v. State,

520 So.2d 195 (Ala.Crim.App. 1987).

The provisions of § 13A-5-6(a)(3), when read together with those of §

13A-5-6(a)(5), have been construed to ~~provide~~ provide that the sentence for a

11.

Class C felony in the commission of which the defendant used a firearm is 'exactly ten-years --no more or no less." Robinson v. State, 434 So.2d 292, 293 (Ala.Cr.App. 1983), "Section (5) must be construed to mean that the ten-year-term is both the minimum and maximum which can be imposed for a Class C felony in which a firearm was used. Smith v. State, 447 So.2d 1334, 1335 (Ala.1984). See also Colburn v. State, 494 So.2d 120, 123 (Ala.Cr.App.1985). The defendant's 15-year sentence exceeded the maximum authorized by statute. Myers v. State, 715 So.2d 928, 929 (Ala.Crim.App. 1998).

At the guilty plea sentencing the trial court sentenced Holloway as a habitual felony offender without proven any prior convictions. Nothing in the record before this court supports the use of any prior felony convictions for enhancement purposes. Because no prior conviction was proven, it appears that Holloway's sentence is illegal. " ' "the issue of an illegal or improper sentence may be raised in a postconviction Rule 32 petition.

Article I, § 7, of the Alabama Constitution of 1901 provides:

"No person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied."

The defendant asserts that authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Booker v. United States, 543 U.S. ___ , 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Appellant presented sufficient facts, if true, that would entitle him to relief

12.

Where the State has not refuted the allegations made by the petitioner, the averments must be accepted as true. Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988) see also Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App. 1991) and Carroll v. State, 706 So.2d 815 (Ala.Cr.App. 1997). A general denial does not disprove the allegations made by the petitioner. In the event the allegations are true, the appellant would possibly be entitled to relief. Teat v. State, 589 So.2d 815 (Ala.Cr.App. 1991).

Therefore, this Court held that petitioner's claim was meritorious on its face. Id. Due to the meritorious claim, the Court held that the petitioner was entitled to "either a more specific order addressing the merits of his claim or an evidentiary hearing at the trial court level." Id. at 816.

13.

## CONCLUSION

The petition which is the subject of this appeal is in fact Mr. Holloway's first petition. Mr. Holloway alleged a jurisdictional claim that could be brought at any time. Therefore, his petition was improperly denied without being precluded or a successive petition under Rule 32.2(b) and (c). The trial court judge has not denied the petition under any Rule of fact or law, but only alleged the state stood ready to prove prior convictions.

Wherefore, Mr. Holloway having been representing himself, pro se and having completed the brief submitted hereto, does request this Court to consider same and reverse the ruling of the trial court on June 28, 2006 summarily denying Mr. Holloway's Petition for Rule 32 and for an order remanding the matter back to the trial court with instructions and grant such other and further relief as this Court deems just and proper.


ROSCOE HOLLOWAY, AIS#154358
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749

14.

## RULING ADVERSE TO THE APPELLANT

Not applicable.

15.

## CERTIFICATION REGARDING FONT AND TYPE STYLE

I hereby certify that the equipment supplied by the Alabama Department of Corrections to prisoner for their preparation of their legal documents constitutes the closest approximation of Courier New 13 reasonably available under the circumstances.

8-3-06
Date

8-16-06
Comm. Exp.

*Roscoe Holloway*
ROSCOE HOLLOWAY, Appellant

Notary

16.

CERTIFICATIONOFSERVICE

certificate of service

I, the undersigned, do hereby certify that I have on this date served

a copy of the foregoing Brief of the Appellant on the Attorney General by sending

it to the Court of Criminal Appeals to be placed in the Attorney General's hand

mail box located in the Court of Criminal Appeals Clerk's Office, located at

Court of Criminal Appeals, State of Alabama, P.O. Box 301555, Montgomery, Alabama

36130-1555 by sending a copy of the same via in the United States Mail, postage

prepaid and properly addressed on this the _3_ day of August 2006.


ROSCOE HOLLOWAY,  APPELLANT

17.

CR-05-2007

## In the COURT of CRIMINAL APPEALS of ALABAMA

◆

ROSCOE HOLLOWAY,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

## On Appeal From the Circuit Court of Randolph County
### (CC-05-132.60)

## BRIEF OF APPELLEE

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney
General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300, 242-7328*

September 5, 2006


EXHIBIT
C

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief, and this Court will not be aided by oral presentation.  The State, therefore, does *not* request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF AUTHORITIES .................................... iii

STATEMENT OF THE CASE AND FACTS .......................... 1

ISSUE PRESENTED FOR REVIEW ............................... 4

STANDARD OF REVIEW ....................................... 5

SUMMARY OF THE ARGUMENT .................................. 6

ARGUMENT ................................................. 7

   The Trial Court Properly Summarily Dismissed Holloway's
   Rule 32 Petition When It Was Clear, On Its Face, That
   Holloway's Petition Lacked Merit, And The Trial Court
   Properly Sentenced Him To The Minimum Sentence Of 15
   Years In Prison, As An Habitual Offender ................ 7

CONCLUSION .............................................. 10

CERTIFICATE OF SERVICE ................................. 11

## TABLE OF AUTHORITIES

**Cases**

Ex parte Dixon, 804 So. 2d 1075 (Ala. 2000) .............. 8

Ex parte Williams, 510 So. 2d 135 (Ala. 1987) ............ 7

Nichols v. State, 629 So. 2d 51 (Ala. Crim. App. 1993) .... 7

**Other Authorities**

Code of Alabama (2005),

   § 13A-8-43(b) ......................................... 8

   § 13A-5-9(c)(1) ....................................... 8

**Rules**

Alabama Rules of Criminal Procedure,

   Rule 32.2(a)(3) and (a)(5) ............................ 9

   Rule 32.7(d) ......................................... 8

## STATEMENT OF THE CASE AND FACTS

Roscoe Holloway is appealing the denial of his Rule 32 petition from Randolph County Circuit Court. He raises two issues on appeal: 1) The trial court erred when it summarily denied his petition without an evidentiary when his burden of pleading had been met (Holloway's brief at 7-8); and, 2) the trial court did not have jurisdiction to sentence him to 15 years in prison for a Class C felony, because there was no indication that the Habitual Felony Offender Act was invoked. (Holloway's brief at 8-13)

Holloway pleaded guilty to robbery in the third degree on October 6, 2005, and, pursuant to a plea agreement, was sentenced to 15 years in prison. (C. 1-2[1], 14-15) The plea agreement stated that "[t]he State can prove and the defendant admits six (6) prior felony conviction(s[).]" (C. 15) Holloway did not appeal his conviction. (C. 2)

He filed his Rule 32 petition on April 17, 2006. (C. 9) In his petition, he argued that the trial court sentenced him to a term that exceeded the maximum allowed, because he was sentenced to a fifteen-year prison term, and

---

[1] The first six pages following the index are not numbered. The circuit clerk's pagination begins with the Rule 32 petition.

the maximum allowed for a Class C felony is ten years; further he argues that he was not sentenced as an habitual offender. (C. 10-12) Before the State filed a response, Randolph County Circuit Judge Ray D. Martin held, in pertinent part:

> In essence, [Holloway] alleges that his sentence for fifteen years for Robbery Third Degree, a Class C felony[,] exceeds the statutory maximum. While on its face this would be correct, [Holloway] fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen[-]year sentence was in fact his minimum sentence.
>
> Accordingly, the [p]etition for Rule 32 is DENIED.

(C. 23)

The order was filed on June 28, 2006. (C. 23) Holloway filed a motion for reconsideration on July 10, 2006, where he argued that the trial court erred when it denied his petition without requiring a response from the State. (C. 24-25) He alleged the court also erred because he pleaded sufficient facts to entitle him to an evidentiary hearing. (C. 25-27) Judge Martin issued a subsequent order on July 13, 2006, which read in pertinent part:

2

The Court previously denied [Holloway's] Rule 32
Petition on June 28, 2006.  [Holloway] has now
filed a Motion for Reconsideration on July 10,
2006.  The Court's previous [o]rder[,] in part[,]
stated that the State stood ready to prove six
prior convictions.  [Holloway] contends that this
is not sufficient for sentencing under the
Habitual Offender Act.  However, [Holloway]
executed a [p]lea [a]greement on October 6, 2005,
which reflects that the State could prove[,] and
that the defendant admits, six prior felony
convictions.  This admission [from] [Holloway] was
used in the Court's sentencing of [him] in this
present case.  Accordingly, the Motion to
Reconsider is DENIED.

(C. 23)  Holloway filed a timely notice of appeal on

July 19, 2006.  (C. ii[2])

---

[2]The State is using Roman numerals to designate the
unnumbered pages following the index, but preceding the
numbered pages.

## ISSUE PRESENTED FOR REVIEW

Did the trial court properly summarily dismiss Holloway's Rule 32 petition when it was clear, on its face, that Holloway's petition lacked merit, and the trial court properly sentenced him to the minimum sentence of 15 years in prison, as an habitual offender?

## STANDARD OF REVIEW

The standard of review for the denial of a Rule 32 petition is whether the trial court abused its discretion. See Grady v. State, 831 So. 2d 646, 647 (Ala. Crim. App. 2001). "If the trial court's ruling denying the petition is correct for any reason, [this Court] will not reverse its decision." Id. (internal citations omitted)  In judging whether a trial court abused its discretion, this Court looks to whether "the decision is based on an erroneous conclusion of law or whether the record contains no evidence on which [the trial court] rationally could have based [its] decision." State v. Reynolds, 819 So. 2d 72, 79 (Ala. Crim. App. 1999).

## SUMMARY OF THE ARGUMENT

Holloway argues on appeal that the trial court should not have summarily dismissed his petition, because he pleaded sufficient facts to show that he was improperly sentenced to 15 years in prison for a Class C felony, and that he was not sentenced as an habitual offender. (Holloway's brief at 7-13)  The trial court, however, properly dismissed his petition, without an evidentiary hearing, because his arguments were facially meritless. Judge Martin stated in his order that he was aware, based on Holloway's admission in the plea agreement, that Holloway had six prior felony convictions (C. 28); consequently, the judge properly sentenced him to serve 15 years in prison for his conviction for robbery in the third degree, a Class C felony.

### ARGUMENT

**The Trial Court Properly Summarily Dismissed Holloway's Rule 32 Petition When It Was Clear, On Its Face, That Holloway's Petition Lacked Merit, And The Trial Court Properly Sentenced Him To The Minimum Sentence Of 15 Years In Prison, As An Habitual Offender.**

Holloway argues on appeal that the trial court improperly dismissed his petition, without an evidentiary hearing, because he sufficiently pleaded a meritorious argument that the trial court improperly sentenced him to 15 years in prison for a Class C felony, and he was not sentenced as an habitual offender. (Holloway's brief at 7-13)  He appears to argue that the Habitual Felony Offender Act was not invoked at his sentencing. (Holloway's brief at 8-8)  His arguments have no merit.

The invocation of the Habitual Felony Offender Act merely means that it was brought to the trial court's attention that the defendant had prior felony convictions, and the provisions of the Act should be applied to the defendant. See Ex parte Williams, 510 So. 2d 135, 135 (Ala. 1987); Nichols v. State, 629 So. 2d 51, 56 (Ala. Crim. App. 1993).  In this case, it is clear that the trial court was aware of Holloway's prior felony convictions. First, the plea agreement stated that "[t]he State can

7

prove and the defendant admits six (6) prior felony conviction(s[).]" (C. 15)  More importantly, Judge Martin stated in his order that "[t]his admission [from] [Holloway] was used in the Court's sentencing of [him] in this present case." (C. 28)  Therefore, the trial court was made aware that Holloway was an habitual offender. Also, "by admitting [the] prior felony convictions, [Holloway] relieve[d] the State of its burden of proof." Ex parte Dixon, 804 So. 2d 1075, 1077 (Ala. 2000).

Holloway was convicted of robbery in the third degree, a Class C felony. (C. 1, 23)  See Ala. Code § 13A-8-43(b) (2005).  Under Section 13A-5-9(c)(1) of the Code of Alabama, with his six prior felony convictions, the minimum punishment that Holloway could receive was 15 years in prison, which is the sentence he received.  Consequently, the arguments from his Rule 32 petition lacked merit on their face.  Rule 32.7(d) of the Alabama Rules of Criminal Procedure allows the trial court to summarily dismiss a petition if "no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings...."  Therefore, Judge Martin did not err in

summarily dismissing Holloway's petition.  Also, because Holloway's legal sentence did not truly implicate the jurisdiction of the trial court, his issues, concerning his sentence are precluded from review as they could have been raised at trial and on appeal, but were not.  <u>See</u> Ala. R. Crim. P. 32.2(a)(3) and (a)(5).

**CONCLUSION**

For the reasons stated in this brief, this Court should affirm the denial of Holloway's Rule 32 petition.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

_____

Jean-Paul M. Chappell
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2006, I served a copy of the foregoing on Holloway, by placing said copy in the United States mail, first class, postage prepaid and addressed as follows:

    Roscoe Holloway
    AIS# 154358
    Limestone Correctional Facility
    28779 Nick Davis Road
    Harvest, AL  35749-7009

 

_____

Jean-Paul M. Chappell
*Assistant Attorney General*

ADDRESS OF COUNSEL:
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

175346/97819-001

11

ATTORNEY GENERAL's COPY:

97819
Chappell

CR-05-2007

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

ROSCOE HOLLOWAY,

APPELLANT

VS.

STATE OF ALABAMA,
APPELLEE

FILED

SEP 1 2 2006

CLERK
ALA COURT CRIMINAL APPEALS

APPEALED FROM THE CIRCUIT COURT OF
RANDOLPH COUNTY
(CC-05-132.60)

## REPLY BRIEF OF APPELLANT

ROSCOE LEWIS HOLLOWAY, AIS#154358
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

## NO ORAL ARGUMENT REQUESTED

September 12, 2006



# TABLE OF CONTENTS

TABLE OF CONTENTS...............................................I

TABLE OF AUTHORITIES.......................................II, III

SUMMARY OF THE ARGUMENT.........................................1

ARGUMENT.......................................................2

CONCLUSION....................................................12

CERTIFICATE OF SERVICE........................................13

## TABLE OF AUTHORITIES

AARON V. STATE, 673 So.2d 849 (Ala.Cr.App.1995)...............3

ADAMS V. STATE, 825 So.2d 239 (Ala.Crim.App. 2001)............7

BARNES V. STATE, 708 So.2d 217 (Ala.Crim.App. 1997)...........7

CANTU V. STATE, 660 So.2d 1026 (Ala. 1994)...................4

CARROLL V. STATE, 706 So.2d 815 (Ala.Crim.App. 1997)..........5

COLEMAN V. STATE, [Ms. Cr-04-1218, August 26, 2005], ___ So.2d
___, 2005 Ala. Crim.App. LEXIS 168 (Ala.Crim.App.)............6

ELROD V. STATE, 629 So.2d 58 (Ala.Cr.App. 1993)...............3

EX PARTE RIVERS, 597 So.2d 1308 (Ala. 1991)..................2

FORD V. STATE, 831 So.2d 641 (Ala.Crim.App. 2001)............6

GRADY V. STATE, 831 So.2d 646 (Ala.Crim.App. 2001)...........8

J.N.J. V. STATE, 690 So.2d 519 (Ala.Cr.App. 1996)............5

JONES V. STATE, 724 So.2d 75 (Ala.Crim.App. 1998)............8

MADDEN V. STATE, 864 So.2d 395 (Ala.Crim.App. 2002)..........6

MOORE V. STATE, 739 So.2d 530 (Ala.Crim.App. 1999)...........7

MOUNT V. STATE, [Ms. CR-04-0275, April 29, 2005], ___ So.2d ___,
2005 Ala. Crim. App. LEXIS 96 (Ala.Crim.App. 2005)...........10

MYERS V. STATE, 715 So.2d 928 (Ala.Crim.App. 1998)...........2

ROGERS V. STATE, 728 So.2d 690 (Ala.Crim.App. 1998)..........5

SHUMATE V. STATE, 676 So.2d 1345 (Ala.Cr.App. 1995)..........6

SMITH V. STATE, 581 So.2d 1283 (Ala.Cr.App. 1991)............5

Continued

TAYLOR V. STATE, 677 So.2d 1284 (Ala.Crim.App. 1996)..........3

UNITED STATES V. MICHELSEN, 141 F.3d 867 (8th Cir. 1998)......4


**Other Authorities**

Code of Alabama 1975,

§ 13A-56,............................................2

§ 13A-5-6(a)(3).......................................10

§ 13A-8-43(b).........................................2


**Rules**

ALABAMA RULES OF CRIMINAL PROCEDURE

Rule 14.3(c)(2)(IV)..................................3

Rule 14.4...........................................4

Rule 26.6(b)(3)(iii)................................7

Rule 32.2(a)(3) and (5).............................7

Rule 32.6(b)......................................7,8

Rule 32.7(a)........................................6

Rule 32.7(d)........................................8

## SUMMARY OF THE ARGUMENT

Mr. Holloway filed his first Rule 32 petition in the circuit court of Randolph County, which was filed within the one-year limitation period. Mr. Holloway arguing that his sentence is illegal. An illegal sentence may be challenged at any time. Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.

Consequently, Mr. Holloway has raised an issue that is meritorious on its face, that was not procedurally barred, and that was apparently not addressed by the trial court. The trial Court erred in summarily dismissing Holloway's Rule 32 Petition without a hearing. Mr. Holloway is entitled to a hearing.

Mr. Holloway raised for the first time issue that guilty plea should be set aside as 15-year sentence exceeded maximum authorized by statute. This Honorable Court, Hon. Long, P.J., held that: (1) ten-year term was minimum and maximum that could be imposed for Class C felony in which firearm was used; (2) defendant did not need to object at trial level to preserve issue where sentence was clearly illegal, or not authorized by statute; and (3) as sentence exceeded that authorized by statute, guilty plea had to be set aside. He is entitled to relief on this claim.

1

## ARGUMENT

**The Trial Court Erred By Improperly Summarily dismissing Holloway's Rule 32 Petition When It was Clear, On Its Face, That The Petition Was Meritorious, And The Trial Court Improperly Sentenced Him To The Excessive Sentence Of 15 Years In Prison, As An Habitual felony Offender.**

Mr. Holloway, pleaded guilty to robbery in third degree and Was sentenced to 15 years, cause he was misinformed as to the minimum sentence. And the State alleged that he admitted to the six priors. Which is false accusation. (C. 15)

Although he did not raise the issue in the trial court, the appellant argues on appeal that his guilty plea should be set aside because, he says, his 15-year sentence exceeded the maximum authorized by statute. Robbery in the third degree is a Class C felony. § **13A-8-43(b), Ala.Code 1975**. The record reflects that the appellant used a pistol in the commission of the robbery and that the trial court applied the firearm enhancement provisions of § **13A-5-6, Ala.Code 1975**, when sentencing the appellant. See **Myers v. State**, 715 So.2d 928, 929 **(Ala.Crim.App. 1998)**.

The Alabama Supreme Court and this Honorable appellate Court "have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional perquisite to the acceptance of a guilty plea. **Ex parte Rivers**, 597 So.2d 1308, 1309 **(Ala.1991)**. It is well

2

settled, moreover, that "if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute. **Elrod v. State**, 629 **So.2d 58, 59 (Ala.Cr.App.1993).**

**Aaron v. State**, 673 So.2d 849, 849-50 (Ala.Cr.App. 1995).

Mr. Holloway pleads guilty to robbery-third degree, believing in fact that the State agreed upon the terms of a 10-year sentence without any enhancements. The State assured him of this agreement and his counsel told him it was okay to sign the document for plea agreement.

**Rule 14.3(c)(2)(iv), Ala.R.Crim.P.**, provides that if a trial court rejects a plea agreement, it must afford the defendant the opportunity to withdraw the defendant's offer to plead guilty. The law is clear: if a trial court refuses to bide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea. **Taylor v. State**, 677 So.2d 1284, 1285 **(Ala.Crim.App.1996).**

The reasoning behind this is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled." **Ex parte Otinger**, 493 So.2d at 1364, citing **Santobello v. New York,**

3

404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)(emphasis omitted).

> **The Question In This Case Is Whether The Voluntariness Of A Guilty Plea And The Voluntariness of A Waiver Of The Right To Appeal And To Collaterally Attack A Conviction May Be Raised For The First Time In A Rule 32 Petition, Despite The Presence Of The Waiver Purporting To Bar Collateral Review.**

The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition. See **Cantu v. State**, 660 So.2d 1026 (Ala.1994). The presence of a waiver of the right to collateral review should not bar review of the voluntariness of a guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition.

However, such waivers are not absolute. For example, defendant cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. See **United States v. Michelsen**, 141 F.3d 867, 872 (8th Cir.), **cert. Denied, 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 299 (1998).**

Holloway contends that his guilty plea and his waiver of his right to appeal and to collateral attack his conviction were involuntary because, he says, he was never informed of the constitutional rights he would be relinquishing by pleading guilty, as required by Rule 14.4, Ala.R.Crim.P. In addition,

4

Holloway argues that the trial court failed to ascertain, during the guilty plea colloquy, that he understood the consequences of waiving his right to appeal and to collaterally attack his conviction.

However, Holloway primary argument is that his sentences are in excess of that allowed by law. He maintains that he did not receive notice of an enhancement mechanism such as the Habitual Felony Offender Act because none was applied. The maximum sentence for a Class C felony is 10 years imprisonment. Holloway was sentenced to a term of 15 years imprisonment for his Class C felony. Holloway avers that the enhancement provisions were not used, and thus that his sentence are in excess of that allowed by law and are therefore illegal. Although Holloway was sentenced less than one year ago, and allegedly illegal sentence may be challenge at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void. See **Rogers v. State**, **728 So.2d 690, 691 (Ala.Crim.App. 1998)**, **quoting J.N.J. v. State**, **690 So.2d 519 (Ala.Crim.App.1996)**.

Mr. Holloway asserts that the State failed to respond or refute the allegations of his Rule 32 petition as ordered by the trial court. Where the State has not refuted the allegations made by the Petitioner, averments must be accepted as true. **Smith v. State**, **581 So.2d 1283, 1284 (Ala.Crim.App. 1991)** and **Carrol v. State**, **706 So.2d 815 (Ala.Crim.App. 1997)**. In the event the

5

allegations are true, the appellant would possibly be entitled to relief.

Mr. Holloway filed a motion requesting that the trial court grant his Rule 32 petition and set aside his conviction because the State had not filed a response to the petition within 30 days as required by Rule 32.7(a), Ala.R.Crim.P. The trial court should have granted the Rule 32 petition. See **Madden v. State**, **864 So.2d 395, 396 (Ala.Crim.App. 2002)**.

In order to invoke the HFOA, 'the burden of proof is on the State to show that the defendant has been convicted of any previous felony or felonies.' **Rule 26.6(b)(3)(iii), Ala.R.Crim.P.** 'If the state fails to meet its burden of proof to established one or more prior felony convictions, then the defendant shall not be sentenced as an habitual felony offender. Rule **26.6(b)(3)(iii), Ala.R.Crim.P. Shumate v. State**, **676 So.2d 1345 (Ala.Cr.App. 1995)**.

This Honorable Court of Criminal Appeals has stare decisis a mandate in its opinion in **Coleman v. State**, **[CR-04-1218, August 26, 2005]** _____ **So.2d** _____, **2005 Ala. Crim. App. LEXIS 168 (Ala.Crim.App. 2005)**, states as follows:

> With regard to the circuit court's stating as grounds for summary denial that Coleman failed to prove his claims, this court has ruled that Coleman has no burden of proof at the pleading stage of a Rule 32 proceeding. As this court explained in **Ford v. State**, **831 So.2d 641 (Ala.Crim.App. 2001)**:

"jurisdictional claims are not precluded by the limitation period or by the rule against successive petitions <u>Grady v. State</u>, 831 So.2d 646, 648 (Ala.Crim.App. 2001), quoting <u>Jones v. State</u>, 724 So.2d 75, 76 (Ala.Crim.App. 1998). Thus summary denial on these grounds was improper.

Holloway asserted a facially meritorious claim, i.e., that his sentence of 15 years imprisonment exceeded that maximum authorized by law for his conviction of robbery in the third degree, which is a Class C Felony -- and that he was sentence without the application of any enhancements. Further, in response to the state's assertions that he was sentenced as pursuant to the Habitual Felony Offender Act ("HFOA"), Holloway stated that the record did not contain any indications that he was sentenced pursuant to the HFOA and attached documents to that response which he contends support his assertion.

**Rule 32.7(d), Ala.R.Crim.P.**, provides for the summary disposition of a Rule 32 petition only,

'If the court determined that the petition is not sufficiently specific in violation of Rule 32.6(b), Ala.R.Crim.P, or is precluded under Rule 32.2, Ala.R.Crim.P., or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings...."

8

"At the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only, "a clear and specific statement of the grounds upon which relief is sought." Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."

See also <u>Thomas v. State</u>, [Ms. Cr-03-0729, June 25, 2004] 908 So.2d 308, 2004 Ala. Crim. App. LEXIS 126 (Ala.Crim.App. 2004); <u>Borden v. State</u>, 891 So.2d 393 (Ala.Crim.App. 2002); and <u>Johnson v. State</u>, 835 So.2d 2001). Thus summary denial on this ground was improper. **831 So.2d at 644.**

With regard to the circuit court's summarily denial pursuant to Rule 32.2(a)(3) and (5) because Holloway could have, but did not raise the claim at trial and on appeal, and because the petition was filed within the limitation period in Rule 32.2(c); This Honorable Court of Criminal Appeals took notice that a facially valid challenge to the legality of a sentence presents a jurisdictional issue that can be raised at any time and is not subject to the procedural bars of Rule 32.2, Ala.R.Crim.P. See <u>Adams v. State</u>, 825 So.2d 239 (Ala.Crim.App. 2001); <u>Moore v. State</u>, 739 So.2d 530 (Ala.Crim.App. 1999); and <u>Barnes v. State</u>, 708 So.2d 217 (Ala.Crim.App. 1997). It is well settled that

7

Holloway's petition is sufficiently specific is not precluded, and states a valid claim.

Mr. Holloway argues that he is entitled to post conviction relief because his sentence allegedly exceeds the maximum authorized by law. Specifically, he contends that he was not sentenced as a habitual offender and that the record does not indicate that the provisions of the Habitual Felony Offender Act were properly applied in this case. The trial court's judge in his order dismissing the petition, the judge stated:

> "In essence, he alleges that his sentence of fifteen years for Robbery Third Degree, a Class C felony exceeds the statutory maximum. While on its face this would be correct, the defendant fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen year sentence was in fact his minimum sentence."

As the circuit court noted, the written plea agreement in the robbery-third degree case indicated that Holloway would receive a sentence of 15-years imprisonment; however, nothing in the face of that document states that the sentence was a result of application of the HFOA. The Explanation of Rights and Plea of Guilty, indicates that Holloway was advised that he faced a sentence of not less than 1 year nor more than 10 years and the plea agreement in that case indicates that he was sentenced to 15 years; however, neither of those documents actually state that he was sentenced in that case pursuant to the HFOA. Further, there is no case

9

sentenced as a HFOA. Holloway's Rule 32 petition was never responded to nor refuted by the prosecutor. Holloway's claims were not challenged by the state nor called into question by the circuit court.

Thus, this Honorable Appellate Court should remand this case to the circuit court for further proceedings and take such evidence, as it deems necessary regarding Holloway's claim that his sentence of 15 years imprisonment is illegal.

Additionally, contrary to the state's assertion, the fact that Holloway signed the plea agreement, did not mean that he admitted to the six prior convictions during the guilty plea colloquy is of no consequence, see **Crenshaw, supra**; an illegal sentence, whether or not agreed to, is an illegal sentence. **Mount v. State**, **[Ms. CR-04-0275, April 29, 2005]**, \_\_\_\_ **So.2d** \_\_\_\_ **, 2005 Ala. Crim. App. LEXIS 96 (Ala.Crim.App. 2005)**.

Mr. Holloway avers, that the circuit court judge Martin admitted in his order of dismissal that Holloway's sentence exceeds the statutory maximum. (C. 23, 28)(Attorney General's Brief at 2-3)

The record before this Honorable Court of Criminal Appeals indicates that Holloway was convicted of a Class C Felony and was sentenced to 15 years imprisonment in this case. Section 13A-5-6(a)(3), Code of Alabama 1975, provides that the maximum sentence for a Class C felony is "not more than 10 years." Based on the

10

foregoing, Holloway's petition does contain sufficient facts, which is true and that he is entitled to a new sentencing hearing.

11

## CONCLUSION

For the reasons stated in this reply brief, this Honorable Court of Criminal Appeals should reverse the trial court's judgment summarily dismissing the appellant's Rule 32 petition and remand this case in order for the trial court to conduct a hearing on the appellant's Rule 32 petition to determine whether his sentence was improperly enhanced by the use of a conviction resulting from a plea of nolo contendere.

## CERTIFICATE OF SERVICE

I   do hereby certify that on this 12th day of September, 2006, I also served a copy of the foregoing Reply Brief on the Assistant Attorney General through the Clerk of this Court, by using alternative service, placing said copy in the United States Mail, postage prepaid and addressed as follows:

Court of Criminal Appeals Clerk's Office
State of Alabama
300 Dexter Avenue
Montgomery, Alabama 36130

_Roscoe Lewis Holloway_
ROSCOE LEWIS HOLLOWAY, AIS#153558
Appellant

ADDRESS OF APPELLANT:
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749

13

REL 09/22/2006 HOLLOWAY
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-05-2007                    Randolph Circuit Court CC-05-132.60

<u>Roscoe Holloway v. State</u>

COBB, Judge.

Roscoe Holloway appeals from the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition. The petition sought postconviction relief from his 15-year sentence, imposed after his October 6, 2005, conviction for third-degree robbery. No direct appeal was taken. The instant petition was timely filed on April 25, 2006.

Holloway claimed in his petition that his 15-year sentence exceeded the maximum allowed by law because he alleges, as in <u>Grady v. State</u>, 831 So. 2d 646 (Ala. Crim. App. 2001), the record is void of any indication that Holloway was a habitual felon. See § 13A-5-9, Ala. Code 1975. Therefore,

1



according to Holloway, his maximum sentence following a conviction for a Class C felony was 10 years. § 13A-5-6(a)(3), Ala. Code 1975. Thus, Holloway claims that his 15-year sentence exceeded the maximum allowed by law.

The circuit court entered the following order denying relief:

> "The defendant has filed a Rule 32 Petition. In essence, he alleges that his sentence of fifteen years for Robbery Third Degree, a Class C felony exceeds the statutory maximum. While on its face this would be correct, the defendant fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen-year sentence was in fact his minimum sentence.
>
> "Accordingly, the Petition for Rule 32 is DENIED."

(CR. 23.)

Holloway filed a motion for reconsideration. In that motion he claimed that summary denial was error because the State did not respond to his petition and that his sentence was illegal because the State did not ask the trial court to invoke the Habitual Felony Offender Act in his case. In response, the circuit court issued the following order denying the motion to reconsider.

> "The Court previously denied the Defendant's Rule 32 Petition on June 28, 2006. The defendant has now filed a Motion for Reconsideration on July 10, 2006. The Court's previous Order in part stated that the State stood ready to prove six prior convictions. The defendant contends that this is not sufficient for sentencing under the Habitual Offender Act. However, the defendant executed a Plea Agreement on October 6, 2005, which reflects that the State could prove and that the defendant admits six prior felony convictions. This admission of the defendant was used in the Court's sentencing of the defendant in this present case. Accordingly, the

2

Motion to Reconsider is DENIED."

(CR. 28.)

Holloway reiterates his claims on appeal.  In reviewing the circuit court's denial of Holloway's petition, we will affirm the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason ... .  See <u>Roberts v. State</u>, 516 So. 2d 936 (Ala.Cr.App. 1987)." <u>Reed v. State</u>, 748 So. 2d 231, 233 (Ala. Crim. App. 1999); <u>Ex parte City of Fairhope</u>, 739 So. 2d 35, 39 (Ala. 1999).

I.

The plea agreement signed by Holloway, his attorney, and the prosecutor, is included in the record.  The plea agreement supports the circuit court's ruling.   The plea agreement includes the concession that:  "[t]he State can prove and the defendant admits six (6) prior felony convictions." (CR. 15.) Thus, contrary to Holloway's contention, Holloway's voluntary admission that he had six prior felony offenses dispensed with the notice requirement and the state's obligation to prove the offenses.  <u>Connolly v. State</u>, 602 So. 2d 452 ( Ala. 1992); <u>Tatum v. State</u>, 607 So. 2d 383 (Ala. Crim. App. 1992); <u>Burrell v. State</u>, 429 So. 2d 636 (Ala. Crim. App. 1982). "'The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant's sentence under the Habitual Offender Act.'"  <u>Nix v. State</u>, 747 So. 2d 351, 357 (Ala. Crim. App. 1999)(quoting <u>Daniel v. State</u>, 623 So. 2d 438, 441 (Ala. Crim. App. 1993)).   "When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975." <u>Martin v. State</u>, 687 So. 2d 1253, 1256 (Ala. Crim. App. 1996).

II.

The circuit court was under no constraint to delay ruling on the petition until the State responded.

> "'Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously

3

without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'  Bishop v. State, 608 So. 2d 345 (Ala. 1992) (quoting Bishop v. State, 592 So. 2d 664, 667 (Ala. Crim. App. 1991) (Bowen, J., dissenting))."

Tatum v. State, 607 So. 2d 383, 384 (Ala. Crim. App. 1992); see Rule 32.7(d), Ala. R. Crim. P.

Based on the forgoing, the circuit court is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

4

*Attorney General Copy*

FILED

OCT – 3 2006

CLERK
ALA COURT CRIMINAL APPEALS

CR-05-2007

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

*Chappell*
*97819*

ROSCOE HOLLOWAY,

APPELLANT

VS.

STATE OF ALABAMA,

APPELLEE

APPEALED FROM THE CIRCUIT COURT OF RANDOLPH COUNTY

(CC-05-132.60)

APPLICATION FOR REHEARING AND

BRIEF IN SUPPORT OF APPLICATION

ROSCOE HOLLOWAY, AIS#154358
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

NO ORAL ARGUMENT REQUESTED

EXHIBIT
F
PENGAD 800-631-6989

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................I

TABLE OF AUTHORITIES..................................II

APPLICATION FOR REHEARING AND BRIEF...................1

POINTS OF LAW AND FACTS FOR RECONSIDERATION...........1

RULE 39(K) AND 40(e) MOTION...........................2

STATEMENT OF FACTS....................................2

STATEMENT OF THE STANDARD OF REVIEW...................5

ARGUMENT AND ISSUE ONE................................4

CERTIFICATE OF SERVICE...............................11

## TABLE OF AUTHORITIES

Carroll v. State, 706 So.2d 815 (Ala.Cr.App. 1997).....8,9

Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992).......4

Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988).........8

J.N.J. v. State, 690 So.2d 519 (Ala.Cr.App. 1996).........7

Jones v. State, 724 So.2d 75 (Ala.Cr.App. 1998).........7,9

Rogers v. State, 728 So.2d 690 (Ala.Cr.App. 1998).....7,8,9

Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App. 1991)...8

Teat v. State, 589 So.2d 815 (Ala.Cr.App. 1991)...........8


ALABAMA RULE OF CRIMINAL PROCEDURE

Rule 32.1........................................1,2,5

Rule 32.2.................................1,2,5,6,7,9,10


ALABAMA RULES OF APPELLATE PROCEDURE

Rule 39(k)................................................2

Rule 40(E)..............................................1,2

## APPLICATION FOR REHEARING

COMES NOW the Applicant Roscoe Holloway, pursuant to **Rule 40, of the Alabama Rules of Appellate Procedure** and submits the Appellate Court for its consideration in Application for Rehearing and a Brief in Support of Application.

## POINTS OF LAW OR FACTS FOR RECONSIDERATION

The Applicant, Roscoe Holloway, avers this Honorable Court did overlooked or misapprehended the following points of law and/or facts:

1. This Appellate Court misapprehended or failed to apply the correct standard of review to a postconviction relief.

2. This Appellate Court overlooked or misapprehended the fact that Holloway filed his first Rule 32 Petition and it was timely filed.

3. This Appellate Court misapprehended or overlooked the Rule 32.1 and Rule 32.2, of the Alabama Rules of Criminal Procedure.

4. This Appellate Court misapprehended or overlooked the crucial question "Did the trial court err by summarily denying the Appellant's Rule 32 Petition

1

for Relief from Conviction or Sentence as a
successive petition and a petition barred by the
limitation period of Rule 32.2 (c) when:

    (A) appellant presented a jurisdictional claim
        that is not precluded by the limitation
        period of Rule 32.2(c);

    (B) appellant presented sufficient facts, if
        true, that would entitle him to relief; and

    (C) appellant presented a jurisdictional claim
        that is not precluded by the rule against
        successive petitions in Rule 32.2(b)?

## RULE 39(K) AND 40(e) MOTION TO
## PRESENT CORRECTED OR ADDITIONAL FACTS

COMES NOW the Appellant, Roscoe Holloway, pursuant to
Rule 39(k) and 40(e) of the Alabama Rules of Appellate
Procedure, and provides the following facts, since this
Court issued an opinion that does not contain a statement
of facts, and applicant reserve these facts to be
applicable pursuant to Rule 39(k), as well.

## STATEMENT OF THE FACTS

This is an appeal from a denial of the Rule 32
Petition filed by Roscoe Holloway in the Circuit Court of

2

Randolph County, Alabama. (C-1). And from the summary denial of said petition. (C-23).

Roscoe Holloway was indicted in the 2005 Fall term of the Randolph County Grand Jury for the charge of Robbery Third Degree (C-14, 15). On October 6, 2006, Holloway was before the circuit court of Randolph County, Honorable Ray D. Martin, Judge presided (C-15). At that time, the District Attorney's Office offered him a plea agreement and the basis of the plea agreement was the State would recommended a sentence of 15-years if he pleaded guilty to the offense of Robbery Third Degree; which is a Class C Felony (c-15). The trial court accepted the guilty plea and sentenced Holloway to a term of fifteen years (C-15). The record will show the state did not present any evidence or proof of document concerning any prior felony convictions, nor did the trial court stated at the sentencing that the court was considering sentencing him under the Habitual Felony Offender Act, nor did the trial court inform him of considering the HFOA upon the agreement.

Mr. Holloway signed the guilty-plea agreement believing the court was going to sentenced him as a Class C Felony upon the agreement (C-14, 15). There was no direct appeal filed in this case.

3

On April 25, 2006, Mr. Holloway filed his very first Rule 32 petition for relief (C-1). On May 15, 2006, the Hon. Ray D. Martin, Judge issued an order for the District Attorney's Office to respond to defendant's petition for relief from conviction or sentence within 30 days (C-20). The record will show that the District Attorney's Office did not respond or refute the defendant's allegations of the petition. On June 19, 2006, the defendant filed a motion for the trial court to grant his Rule 32 Petition, because the State failed to respond or refute the allegations of his petition and the unrefuted statement of facts must be taken as true (C-21).

On June 28, 2006, the trial court denied Holloway's petition. On July 10, 2006, Mr. Holloway filed a motion for reconsideration of summary denial of his petition (C-24). On July 13, 2006, the trial court denied his motion to reconsider (C-28). This application for rehearing follows.

## STATEMENT OF STANDARD OF REVIEW

The appropriate standard of review in determining whether a trial court erred in summarily dismissing a Rule 32 Petition for relief is whether the trial court abused its discretion. <u>Elliott    v.    State</u>,    601    So.2d    1118 (Ala.Cr.App. 1992).

4

**ARGUMENT**

I.   **Did the trial court err by summarily dismissing or
     denying Appellant's Rule 32 Petition for Relief from
     Conviction or Sentence as a successive petition and
     a petition barred by the limitation period of Rule
     32.2(c) when:**

    (A)   Appellant presented a jurisdictional claim
            that is not precluded by the limitation
            period of Rule 32.2(c);

    (B)   Appellant presented sufficient facts, if
            true, that would entitle him to relief;
            and

    (C)   Appellant presented a jurisdictional claim
            that is not precluded by the rule against
            successive petitions in Rule 32.2(b)?

Rule 32.1 of the Alabama Rules of Criminal Procedure
provides that any defendant convicted of a criminal
offense "may institute a proceeding in the court of
original conviction to secure appropriate relief" from
said conviction. Rule 32.1, Alabama Rule of Criminal
Procedure. The rule delineates several grounds upon
which relief may be sought.

One such ground for relief is that "the court was
without jurisdiction to render judgment or to impose

5

sentence." Id. Another ground is that "the sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law." Id.

Rule 32.2(b) states as follows:

"If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule."

Rule 32.20 places time restrictions on petitions filed under Rule 32. It provides that certain grounds in Rule 32 must be alleged in a petition within a period of one year from the date of certificate of judgment if case was appealed or one year from the date the time expired to file and appeal. This one-year limitation was previously a two-year limitation.

(A). Appellant presented a jurisdictional claim that is not precluded by the limitation period of Rule 32.2(c)

"An allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdictional of the trial court and is void." Rogers v. State, 728 So.2d 690 (Ala.Cr.App. 1998). If a challenge can be made at any time, it constitutes a jurisdictional claim that is not precluded by the limitations period of Rule 32.20 of the Alabama Rules of

6

Criminal Procedure. "Whether a sentence is excessive, however, is a jurisdictional issue, which is not precluded by the postconviction relief limitations period or the rule against successive petitions." Jones v. State, 724 So.2d 75 (Ala.Cr.App. 1998).

In Rogers v. State, Rogers filed a Rule 32 petition for relief from conviction outside the two-year limitation period arguing that the sentence he received was in excess of that permitted by law. 728 So.2d 690 (Ala.Cr.App. 1998). The court held that allegations of an illegal sentence may be brought at any time because if the sentence is illegal, the trial court is without jurisdiction and the sentence is void. Id.; also see J.N.J. v. State, 690 So.2d 519 (Ala.Cr.App. 1996).

Similarly, Mr. Holloway filed a Rule 32 Petition alleging that his sentence was in excess of that allowed by law or otherwise not allowed by law. This claim is a jurisdictional claim that may be brought at any time and is not subject to the two-year nor one-year limitation period of Rule 32.20 or the rule against successive petitions in Rule 32.2(b).

Therefore, Holloway petition should not have been summarily dismissed nor denied by the trial court as

7

precluded under the limitations period or as a successive petition.

(B). Appellant presented sufficient facts, if true, that would entitle him to relief

Where the State has not refuted the allegations made by the petitioner, the averments must be accepted as true. Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988) see also Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App. 1991) and Carroll v. State, 706 So.2d 815 (Ala.Cr.App. 1997). A general denial does not disprove the allegations made by the petitioner. In the event the allegations are true, the appellant would possibly be entitled to relief. Teat v. State, 589 So.2d 815 (Ala.Cr.App. 1991).

In Carroll and Rogers, the State did not refute the allegations made by the appellant. 706 So.2d 815 (Ala.Cr.App. 1997) and 728 So.2d 690 (Ala.Cr.App. 1998). The State generally denied the allegations made by the petitioner and then asserted that the claims were precluded. Carroll, 706 So.2d 815 (Ala.Cr.App. 1997). Therefore, this Court held that petitioner's claim was meritorious on its face. Id. Due to the meritorious claim, the Court held that the petitioner was entitled to "either a more specific order addressing the merits of his claim or

8

an evidentiary hearing at the trial court level." Id. at 816.

Likewise in Holloway's case, the State filed a general denial of the allegations and then alleged that his claims were precluded under Rule 32.2(b) and (c). The trial court entered an order dismissing the petition as precluded by the limitations period and precluded as a successive petition. Just as in Carroll and Rogers, Mr. Holloway's allegations were unrefuted and should be taken as true. As such, the allegations are meritorious on its face and deserving of a more specific order or an evidentiary hearing at the trial court level.

(C). The State failed to meet its burden of proof that appellant's petition was a successive petition as defined in Rule 32.2(b)

A jurisdictional claim of an excessive sentence brought in a Rule 32 petition for relief is not precluded as a successive petition. Jones v. State, 724 So.2d 75 (Ala.Cr.App. 1998). Jurisdictional claims may be brought at any time. Rogers v. State, 728 So.2d 690 (Ala.Cr.App. 1998).

Mr. Holloway's allegations that his sentence was in excess of that allowed by law or otherwise not allowed by

9

law is a jurisdictional claim that falls outside the limitations of Rule 32.2(b) and (c).

## CONCLUSION

The petition, which is the subject of this appeal, is in fact Mr. Holloway's first petition. However, Mr. Holloway alleged a jurisdictional claim that could be brought at any time. Therefore, his petition was improperly dismissed as being precluded under Rule 32.2 as a successive petition and as being brought outside the limitation period in Rule 32.2O.

Wherefore, Holloway having been representing himself on appeal and having completed this application for rehearing submitted hereto, does request this Appellate Court to consider same and recall the judgment of this Court made on September 22, 2006 affirming the trial court's ruling and for an order remanding the matter back to the trial court with instructions and grant such other and further relief this Court deems just and proper.

BY: *Roscoe Holloway*
ROSCOE   HOLLOWAY, #154358
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

10

## CERTIFICATE OF SERVICE OF APPELLANT'S APPLICATION AND BRIEF

I, the undersigned, do hereby certify that I have on this date served a copy of the foregoing upon the Court of Criminal Appeals for alternative service, the Attorney General's copy was delivered to the Court of Criminal Appeals Clerk for service on the Attorney General, by placing the same in the United States Mail, postage prepaid, to this Honorable Court on this 3rd day of October 2006.

BY _Roscoe Holloway_

ROSCOE HOLLOWAY, #154358

Appellant

11

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

October 13, 2006

**CR-05-2007**

Roscoe Holloway v. State of Alabama   (Appeal from Randolph  Circuit Court: CC05-132.60)

## NOTICE

You are hereby notified that on October 13, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Kim S. Benefield, Circuit Clerk
    Roscoe Lewis Holloway, Pro Se
    Jean-Paul M. Chappell, Asst. Atty. Gen.

EXHIBIT

G

*Attorney General COPY*

97819
Chappell

## IN THE SUPREME COURT OF ALABAMA

Ex Parte: ROSCOE HOLLOWAY,

    Plaintiff,

In Re: ROSCOE HOLLOWAY,

    Petitioner,

VS.

STATE OF ALABAMA,

    RESPONDENT

ON APPEAL FROM THE CIRCUIT COURT
COURT OF RANDOLPH COUNTY
CASE NO. CC-05-132.60

COURT OF CRIMINAL APPEALS OF
ALABAMA CASE NO. CR-05-2007

SUPREME COURT NO.: _____

**FILED**

OCT 18 2006

CLERK
ALA COURT CRIMINAL APPEALS

### PETITION FOR WRIT OF CERTIORARI
### TO THE COURT OF CRIMINAL APPEALS

COMES NOW your Petitioner, Roscoe Holloway, and petitions
this Honorable Court for a Writ of Certiorari to be issue to the
Court of Criminal Appeals in the above-referenced cause under
Rule 39, Alabama Rules of Appellate Procedure, and shows the
following:

1. This is an appeal from a denial of the Rule 32 Petition
filed by Roscoe Holloway in the Circuit Court of Randolph County,
Alabama. And from the summarily denial of said petition.

2. Roscoe Holloway was indicted in the 2005 fall term of the
Randolph County Grand Jury for the charge of Robbery in the Third
Degree. On October 6, 2006, Holloway was before the Circuit Court
of Randolph County, Honorable Ray D. Martin, Judge presided. At
That time, the District Attorney's Office offered him a plea

**EXHIBIT**

H

PENGAD 800-631-6989

agreement and the basis of the plea agreement was the State would recommended a sentence of 15-years if he pleaded guilty to the offense of Robbery Third Degree; which is a Class C felony. The trial court accepted the guilty plea and sentenced Holloway to a term of fifteen (15) years. The record will show the State did not present any evidence or proof of document concerning any prior felony convictions, nor did the trial court stated at the sentencing that the court was considering sentencing him under the Habitual Felony Offender Act, nor did the trial court inform him of considering the HFOA upon the agreement.

3. Mr. Holloway signed the guilty-plea agreement believing the court was going to sentence him as a Class C felony upon the agreement. There was no direct appeal filed in this case.

4. On April 25, 2006, Mr. Holloway filed his very first Rule 32 petition for post conviction relief. On May 15, 2006, the Hon. Ray D. Martin, Judge issued an order for the District Attorney's Office to respond to defendant's petition for relief from conviction or sentence within 30 days. The record will show that the District Attorney's Office did not respond or refute the defendant's allegations of the petition. On June 19, 2006, the defendant filed a motion for the trial court to grant his Rule 32 petition, because the State failed to respond or refute the allegations of his petition and unrefuted statement of facts must be taken as true.

5. On June 28, 2006, the trial court denied Holloway's petition. On July 10, 2006, Mr. Holloway filed a motion for reconsideration of summary denial of his petition. On July 13, 2006, the trial court denied his motion to reconsider.

6. The Petitioner, Roscoe Holloway, avers the Court of Criminal Appeals did overlooked or misapprehended the following points of law and/or facts:

A.    The    Court    of    Criminal    Appeals misapprehended  or  failed  to  apply  the  correct standard of review to a post conviction relief.

B. The Court of Criminal Appeals overlooked or misapprehended the fact that Holloway filed his first Rule 32 petition and it was timely filed.

C.    The    Court    of    Criminal    Appeals misapprehended or overlooked the Rule 32.1 and Rule 32.2, of the Alabama Rules of Criminal Procedure.

D. The Court of Criminal Appeals misapprehended or overlooked the crucial question "Did the trial court erred by summarily denying the petitioner's Rule 32 petition for Relief from Conviction or Sentence as a successive petition barred by the limitation period of Rule 32.2© when :

(A) petitioner presented a jurisdictional claim that is not precluded by the limitation period of Rule 32.2(c);

(B) petitioner presented sufficient facts, if true, that would entitle him to relief; and

(C) petitioner presented a jurisdictional claim that is not precluded by the rule against successive petitions in Rule 32.2(b).

WHEREFORE PREMISES CONSIDERED, Petitioner respectfully requests that after a preliminary examination, the petition for writ of certiorari be granted and that this Court proceed under its rules to review the matters complained of, in this matter.

RESPECTFULLY SUBMITTED on this 18th day of October 2006.


BY: _Roscoe Holloway_
ROSCOE HOLLOWAY, AIS#154358
Petitioner
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-70009

## CERTIFICATION REGARDING STATEMENT OF FACTS

I, Roscoe Holloway, do hereby certify that the Statement of facts in this petition for writ of certiorari is a verbatim copy of the statement of facts presented in my application for rehearing as required by Rule 39(d)(5)(A), of the Alabama Rules of Appellate Procedure.

BY: *Roscoe Holloway*
    ROSCOE HOLLOWAY, AIS#154358
    Petitioner

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing petition for writ of certiorari upon the Court of Criminal Appeals for alternative service, the Attorney General's copy was served upon the Clerk of the Court of Criminal Appeals to be placed in the Attorney General's box located in the Clerks Office, by placing the same in the United States Mail, postage prepaid, and properly addressed on this 18th day of October 2006.

BY: *Roscoe Holloway*
ROSCOE HOLLOWAY, AIS#154358
Petitioner

## ADDRESS OF PETITIONER

Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

RELEASED

SEP 22 2006

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-05-2007                    Randolph Circuit Court CC-05-132.60

Roscoe Holloway v. State

COBB, Judge.

Roscoe Holloway appeals from the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition. The petition sought postconviction relief from his 15-year sentence, imposed after his October 6, 2005, conviction for third-degree robbery. No direct appeal was taken. The instant petition was timely filed on April 25, 2006.

Holloway claimed in his petition that his 15-year sentence exceeded the maximum allowed by law because he alleges, as in Grady v. State, 831 So. 2d 646 (Ala. Crim. App. 2001), the record is void of any indication that Holloway was a habitual felon. See § 13A-5-9, Ala. Code 1975. Therefore,

1

according to Holloway, his maximum sentence following a conviction for a Class C felony was 10 years. § 13A-5-6(a)(3), Ala. Code 1975.  Thus, Holloway claims that his 15-year sentence exceeded the maximum allowed by law.

The circuit court entered the following order denying relief:

> "The defendant has filed a Rule 32 Petition. In essence, he alleges that his sentence of fifteen years for Robbery Third Degree, a Class C felony exceeds the statutory maximum.  While on its face this would be correct, the defendant fails to take into account the effect his six prior felonies, which the State stood ready to prove, has on the range of punishment. The fifteen-year sentence was in fact his minimum sentence.

> "Accordingly, the Petition for Rule 32 is DENIED."

(CR. 23.)

Holloway filed a motion for reconsideration.  In that motion he claimed that summary denial was error because the State did not respond to his petition and that his sentence was illegal because the State did not ask the trial court to invoke the Habitual Felony Offender Act in his case.  In response, the circuit court issued the following order denying the motion to reconsider.

> "The Court previously denied the Defendant's Rule 32 Petition on June 28, 2006.  The defendant has now filed a Motion for Reconsideration on July 10, 2006.  The Court's previous Order in part stated that the State stood ready to prove six prior convictions.  The defendant contends that this is not sufficient for sentencing under the Habitual Offender Act. However, the defendant executed a Plea Agreement on October 6, 2005, which reflects that the State could prove and that the defendant admits six prior felony convictions.  This admission of the defendant was used in the Court's sentencing of the defendant in this present case.  Accordingly, the

2

Motion to Reconsider is DENIED."

(CR. 28.)

Holloway reiterates his claims on appeal.  In reviewing the circuit court's denial of Holloway's petition, we will affirm the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason ... . See <u>Roberts v. State</u>, 516 So. 2d 936 (Ala.Cr.App. 1987)." <u>Reed v. State</u>, 748 So. 2d 231, 233 (Ala. Crim. App. 1999); <u>Ex parte City of Fairhope</u>, 739 So. 2d 35, 39 (Ala. 1999).

I.

The plea agreement signed by Holloway, his attorney, and the prosecutor, is included in the record.  The plea agreement supports the circuit court's ruling.  The plea agreement includes the concession that:  "[t]he State can prove and the defendant admits six (6) prior felony convictions." (CR. 15.) Thus, contrary to Holloway's contention, Holloway's voluntary admission that he had six prior felony offenses dispensed with the notice requirement and the state's obligation to prove the offenses.  <u>Connolly v. State</u>, 602 So. 2d 452 ( Ala. 1992); <u>Tatum v. State</u>, 607 So. 2d 383 (Ala. Crim. App. 1992); <u>Burrell v. State</u>, 429 So. 2d 636 (Ala. Crim. App. 1982).  "'The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant's sentence under the Habitual Offender Act.'"  <u>Nix v. State</u>, 747 So. 2d 351, 357 (Ala. Crim. App. 1999)(quoting <u>Daniel v. State</u>, 623 So. 2d 438, 441 (Ala. Crim. App. 1993)).  "When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975." <u>Martin v. State</u>, 687 So. 2d 1253, 1256 (Ala. Crim. App. 1996).

II.

The circuit court was under no constraint to delay ruling on the petition until the State responded.

> "'Where  a  simple  reading  of  the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously

3

without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.' <u>Bishop v. State</u>, 608 So. 2d 345 (Ala. 1992) (quoting <u>Bishop v. State</u>, 592 So. 2d 664, 667 (Ala. Crim. App. 1991) (Bowen, J., dissenting))."

<u>Tatum v. State</u>, 607 So. 2d 383, 384 (Ala. Crim. App. 1992); see Rule 32.7(d), Ala. R. Crim. P.

Based on the forgoing, the circuit court is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

4

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

October 13, 2006

**CR-05-2007**

Roscoe Holloway v. State of Alabama  (Appeal from Randolph  Circuit Court:
CC05-132.60)

## <u>NOTICE</u>

You are hereby notified that on October 13, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Kim S. Benefield, Circuit Clerk
    Roscoe Lewis Holloway, Pro Se
    Jean-Paul M. Chappell, Asst. Atty. Gen.

# IN THE SUPREME COURT OF ALABAMA  *97819*
*Chappell*



January 12, 2007

**1060151**

Ex parte Roscoe Holloway. PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Roscoe Holloway v. State of Alabama)
(Randolph Circuit Court: CC05-132.60; Criminal Appeals : CR-05-2007).

## CERTIFICATE OF JUDGMENT

### Writ Denied

   The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.
   SEE, J. -  Nabers, C.J., and Harwood, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 12th day of  January,   2007

*Robert D Esdale, Sr.*
Clerk, Supreme Court of Alabama

EXHIBIT
*1*

PENGAD 800-631-6989

/bb