IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE LOUIS HOLLOWAY, #154358, | ) | |
| Petitioenr, | ) | |
| Vs. | ) | 3:07-CV-186-MEF |
| | ) | (WO) |
| BILLY MITCHEM, WARDEN, ET AL, | ) | |
| Respondent. | ) | |

## MOTION TO SUPPLEMENT THE RECORD

**COMES NOW**, the Petitioner *Roscoe Louis Holloway*, (hereinafter "Petitioner"), in proper person "Pro Se," respectfully request this Court order the Respondents to supplement the record in this case for good cause. Plaintiff would further state:

1. The Record is silent pertaining to Federal issues. In this case, Petitioner is challenging his conviction for third degree robbery entered against him by the Circuit Court for Randolph County, Alabama, on December 12, 2005.

2. The Court order and directed the Respondents to supply this Court with a portion of the transcript, as "they" deem relevant. (Doc. 2).

However, Petitioner's position is, what the Respondents "deem" relevant, is only relevant to their defense and prejudice to the Petitioner because the sentencing proceeding has not been submitted to this Court that will reflect the claims raised by this Petitioner pertaining to sentencing enhancement, and illegal sentence. 2254(a) allows the court to grant habeas corpus relief to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. " In other words, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode,* 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983);

3.   The Respondents allege that Petitioner stipulated to six (6) prior felony convictions entered upon a "Plea Bargain" and that he has not presented his claim of a Federal question to the State Courts.  This argument ought not to stand if, the sentencing proceedings are disclosed for review because: "It is beyond dispute that a guilty plea must be both knowing and voluntary." *Parke v. Raley,* 506 U.S. 20, 28, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). These

requisites are essential because of the number of constitutional rights implicated by a guilty plea and the consequences of such a plea. *See Boykin v. Alabama,* 395 U.S. 238, 242-43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Id.* at 243 n.5; *see also Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc) (explaining that only due process concerns, not the more stringent requirements of Rule 11 of the Federal Rules of Criminal Procedure, apply to federal review of a state entry of a guilty plea). Petitioner does not actually challenge the actual guilty plea but does challenge the State' notification under Rule 404, Ala.R.Evid., notification of enhancement of his sentence and whether any stipulation did in fact occur on the Record before the trial court.?

4.     Petitioner must, waive his right to any use by the State for purposes of sentencing to invoke the HOFA, Act.  However, only the Boykin will disclose any waiver, and also it will disclose whether the State actually was ready to prove six (6) prior felony convictions, because without the cologuy the Court does not have sufficient evidence for the determination

of this case. "[A] plea of guilty must be voluntarily made by one competent to know the consequences of that plea and must not be induced by promises, threats or coercion." *Mikenas v. State,* 460 So. 2d 359, 361 (Fla. 1984); *see also Lopez v. State,* 536 So. 2d 226, 228 (Fla. 1988). To assure that the defendant entered the plea voluntarily, the trial court must make a detailed inquiry on the record. *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Lopez; Mikenas.* The colloquy in this record will reflect the trial court inquiring into any prior felony convictions when sentencing Petitioner.

**WHEREFORE, *premises considered*,** Petitioner respectfully request that this court order the Respondent to supplement the record and produce that portion of the colloquy entered between the Petitioner and the State as such is germane to the issue before this Court.

Done this 23 Day April 2008.

*Roscoe S. Holloway*

Roscoe Holloway, 154358
28779 Nick Davis Rd.
Harvest, Alabama    35749

## CERTIFICATE OF SERVICE

    I HEREBY, certify that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class postage prepaid and mailing on this 23 Day of April 2008.

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130


*Roscoe S. Holloway*

Roscoe Holloway

ROSCOE HOLLOWAY 154358
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA   35749

HUNTSVILLE / HVS
AL 358  1 L
23 APR 2008  PM



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Corr

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA   36101

36101+0711

