IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROSCOE LOUIS HOLLOWAY,
#154358,

    Petitioner,

v.      *      Case No.: 3:07-CV-186-MEF

BILLY MITCHEM, WARDEN, et al.,    *

    Respondents.      *

### MOTION TO COMPEL COMPLIANCE WITH COURT ORDER

**COMES NOW**, the Petitioner *Roscoe Louis Holloway*, (hereinafter "Petitioner") in proper person "Pro Se" moves this Court to compel the Respondents to specifically show cause for their failure to comply with this court's order entered on *May 2, 2008*, [*Court Doc. No. 13-1*] in further support Petitioner shows as follows:

1.      The court issued an order on *May 2, 2008*, ordering the Respondents on or before *May 23, 2008*, to file a copy of the Petitioner's guilty plea transcript.

2.      As of today's date of filing this motion to compel, Petitioner on basis of belief has not received a copy of the Respondent's compliance, and believes that the Respondents failed to comply with the court's order.[1]

---

[1] In the event that the Respondents did comply with the court's order, Petitioner request that the court construe the motion into, a motion to compel service, and order that the Respondents serve Petitioner with a true copy of their filings.

1

3.   Under 2254(d) in the near further, Petitioner would request leave to amend his Traverse, and request that an evidentiary hearing be held because a relevant portion of the state court record is not before the court. See, e.g., *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989)(although absence of state court transcript of plea hearing is not per se basis for habeas corpus relief, it allows petitioner to establish through hearing or otherwise that plea was involuntary); *Williams v. Lockhart*, 849 F.2d 1134, 1137-38 (8th Cir. 1988); *Salkay v. Wainwright*, 552 F.2d 151, 153 (5th Cir. 1977)(absence of on-the-record disclosure of plea bargain)

4.   What has been presented before the court from the Respondents is in any relevant manner incomplete or insufficient to reveal the facts necessary to a proper analysis of the issue in the petition. In addition, Petitioner relies on portions of the state court record as to which there is no showing by the Respondents thus far that a bona fide attempt to retrieve the guilty plea transcript has been, could be, or is available.

5.   In prior cases involving lost transcripts of *state* court plea hearings, Courts have emphasized: "[W]e will "scrutinize with guarded caution those situations . . . where the reviewing court cannot ascertain from the trial transcript that the stringent due process requirements imposed by [*Boykin*] . . . have been complied with scrupulously." *Walker v. Maggio*, 738 F.2d 714, 716 (5th Cir. 1984) (quoting *LeBlanc v. Henderson*, 478 F.2d 481, 483-84 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S. Ct. 900, 39 L. Ed. 2d 101 (1974)), *cert. denied*, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985). However, we also have held

consistently that even when the transcript is completely unavailable, "it is still the petitioner's burden in a habeas corpus proceeding to demonstrate facts that establish a constitutional violation, unless the state's failure to find a transcript is so egregious a breach of duty as to relieve the petitioner of his initial burden of proof." *Walker*, 738 F.2d at 717.

6.    This court ought not take a leap of faith and assume that the Respondents simply looked and cannot find Petitioner's guilty plea transcript; the court should find that the government's failure explain why they simply ignored the court's order (**Doc.# 13**) and show cause or, explain their reason for failure to locate the transcript of Petitioner's plea hearing ought to constitutes conduct so egregious as to warrant further proceedings.

**WHEREFORE,** *premises considered*, Petitioner request that this court grant him relief as the court deems appropriate to the circumstances before it.

Done this 29 Day May 2008

*Roscoe Souis Holloway*

Roacoe Holloway, 154358
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama  35749

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing upon the following by U.S. Mail, First Class postage prepaid and mailing on this 29 Day of May 2008

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

*Roscoe Davis Holloway*
Roscoe Holloway

4

ROSCOE HOLLOWAY 1564358
LIMESTONE C.F.
28779 NICK DAVIS RE.
HARVEST, ALABAMA  35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Corr

Office of the Clerk
United States District Court
P.O. Box 711
Montgoomery, Alabama  36101-0711