IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN DIVISION

2008 JUL 31 A 10: 48

EBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROSCOE L. HOLLOWAY, # 154358    *

Petitioner,    *

Vs.    *    Case No.: 3:07-cv-186-MEF

BILLY MITCHIM, WARDEN et al.,

Respondents.

### PETITIONER'S RESPONSE TO RESPONDENT'S SUBMISSION OF PLEA TRANSCRIPT AND COLLOQY

*COMES NOW*, Roscoe L. Holloway, (hereinafter "Holloway") in proper person "Pro Se', hereby submits his Response to the Respondent's submission of the trial transcript as ordered and directed by the Court. Holloway argues that the Record submitted by the Respondents fails to adequately reflect that Holloway's sentence under the Alabama Habitual Felony Offender Act § 13A-5-9, Code of Alabama, 1975 is proper. Holloway set forth below grounds for relief.

1.  The Record is void of the State producing any certified copies of prior felonies pursuant to §13A-5-10, Code of Alabama, 1975 in violation of Rule 14.4(a)(ii)(b)(c)(d), Ala. R.Cr. P., as used on the form submitted as State's exhibit at sentencing. (R. 11). The plea agreement listed six prior felony convictions. However, the agreement is devoid as to identifying what type of conviction and the Class of the conviction under Alabama law.

Nowhere does the record indicate that Holloway was arrested as to the type of crime that would indicate six prior felonies used, nor does the record indicate that the State moved the trial court to sentence Holloway as an Habitual Felony Offender. See, Rule 11(c), Fed. R. Crim. P., sets procedures and rules that the trial court must address a defendant in open court as Rule 14.4, Ala. R. Crim. P., must be satisfied that the court was on record of questions to and answers by defendant. Johnson v. State, 289 So. 2d 662 (Ala. 1973).

2.  The Record fails to set forth that the guilty plea was made with defendant's understanding that an enhancement under the HFOA would apply, or that the court made a personal inquiry with defendant personally concerning such matters. Twyman v. State, 293 Ala 75, 300 So.2d 124 (1974).

3.  No evidence of priors was given that were certified for the Record, as §13A-5-10.1 requires. Whether by admittance or by mere interpretation, the trial court cannot rely on mere assumption or personal recollection to establish voluntariness and understanding of a plea agreement. U.S. v. Sculley, 798 F.2d 411, 413 (10th Cir. 1986).

4.  The Record does    indicate that Holloway's trial counsel stated to the trial court: "That's what they say they can prove" (R. 11) and at sentencing argued Holloway's past record (R.13). The State argued that Holloway plead as a Habitual Felony Offender which is false and not adequately reflected in the record to comply with Boykin v. Alabama, 395 U.S. 238 (1969) or that of Allen v. State, So. Ala. App. 310, 278 So.2d 758 (1973) citing McGullion v. State, 49 Ala. App. 248, 270 So. 2d 680 (Ala.Cr.App. 1972).

5.   The proceedings fail under Fed. R. Crim.P., 11(c), and the *ABA, Standard for Criminal Justice, Plea of Guilty,* 14-1.4 (2d. ed 1986)

6.   The Court has relied on the basis that the plea agreement did not list what six (6) prior, specifically, case numbers, the specific class, i.e., "Class "A""B""C", under Alabama law or any other information that would inform the Court and Holloway as required under Rule 26.6(3)(i)(ii)(iii), Rule 26.6(iii), Ala. R. Cr.P. The record, (R.1-16) shows that the state failed to prove the convictions, the type, class of the conviction it relied on and thus their burden of proof fails. Rule 26.6(iii) supra.

7.   In conclusion, the record at sentencing and at the plea will reflect that the court relied on the plea agreement, (Exhibit 2) which cannot be said to be adequate to implicate a certified priors as required under §13A-5-10.1(a). The State even implicated that their burden was not met, as the record (R.14) shows that the State was not sure whether it was five or six priors. Holloway argues that six (6) prior felonies were unsupported by a plea agreement stating that there were six, and not actually stating six felonies.

**WHEREFORE**, Holloway does not agree with the Respondents submission as adequate nor sufficient to satisfy their contentions that Holloway was given and full and proper colloquy in his case under the AHOA.

This 28 Day July 2008.

*Roscoe Holloway*
Roscoe L. Holloway, 154358
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749

## CERTIFICATE OF SERVICE

    I hereby certifiy that I have served a true copy of the foregoing upon the following by U.S. First Class mail, properly addressed postage prepaid on this 28 day of July, 2008.

Office of Attorney General
11 South Union Street
Montgomgery, Alabama 36130-01552

*Roscoe Holloway*
Roscoe Holloway

Ais#154358-I-Dorm
Roscoe Holloway
Limestone CF
28779 Nick Davis Road
Harvest, Alabama 35749

HUNTSVILLE / NWS
AL 358 2 L
29 JUL 2008   PM



Office Of The Clerk
United State District Court
P.O. Box 711
Montgomery, Alabama 36101

36101+0711